**John HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–98–00664–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 26, 2000.

Rehearing Overruled Feb. 11, 2000.

Julie Pollock, Diana L. Hoermann, Hitchings & Pollock, San Antonio, for appellant.

Scott Roberts, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice SARAH DUNCAN, Justice KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### Nature of the case

On July 13, 1996, John Hernandez was arrested for the offense of driving while intoxicated (DWI) under TEX. PENAL CODE ANN. § 49.04. The indictment alleged the facts supporting the offense and then alleged Hernandez's three prior convictions for DWI. Prior to trial, Hernandez filed a motion offering to stipulate to the validity of his three prior DWI convictions if the State would be precluded from mentioning these prior offenses during the reading of the indictment and during the trial on the merits. The trial court denied the motion. Hernandez pleaded guilty to the offense, reserving the right to appeal the denial of his motion to stipulate.[2] The trial court assessed punishment pursuant to a plea agreement at three years' imprisonment. In his sole issue on appeal, Hernandez alleges the trial court erred by denying his motion to stipulate to the previous offenses because such denial would have allowed the State to read to the jury unnecessary and prejudicial portions of the indictment alleging prior DWI convictions and would have allowed the admission of prejudicial evidence of the prior convictions during the guilt-innocence phase of trial. We address this issue in light of the

---

2. Although the parties do not address the issue, Hernandez's conditional appeal taken from a pre-trial ruling, followed by his guilty plea, is now permissible. *See Young v. State,* 8 S.W.3d 656, 663–67 (Tex.Crim.App. 2000)(en banc).

Texas Court of Criminal Appeals' recent opinion in *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim.App. 2000)(en banc).

### DISCUSSION

Commission of a DWI offense under Section 49.04 is a Class B misdemeanor, unless the person has been convicted of two prior DWI offenses. In such event, the offense may be elevated to a third degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04(b), 49.09(b) (Vernon Supp. 2000). When the State uses prior convictions to elevate a misdemeanor DWI offense to a felony, the State must plead the prior convictions in the indictment for the trial court to gain jurisdiction over the felony offense, and the State must prove the prior convictions to support prosecution. *See Tamez*, at p. 201; TEX. PENAL CODE ANN. § 49.09(b). Furthermore, prior to trial, the indictment must be read to the jury; however, such reading at this time may not include any prior convictions alleged for purposes of enhancement, only, but may include any prior convictions alleged to confer jurisdiction. *See Tamez*, at p. 201; TEX.CRIM. P.CODE ANN. § 36.01. Although prior DWI convictions are alleged in an indictment to confer jurisdiction on the trial court, Article 36.01, in conjunction with TEX. PENAL CODE ANN. § 49.09(b), does not *require* the reading of those prior convictions beyond the requisite two, it merely *allows* such reading. *See Tamez*, at p. 201.

The Court in *Tamez* discussed the implication of a full reading of the indictment and determined that such reading violated a defendant's protections under Texas Rule of Evidence 403, which proscribes the admission of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. TEX.R. EVID. 403; *see Tamez*, at pp. 200–03. The Court reasoned that when prior DWI convictions are presented to the jury, there is a strong likelihood that the jury would convict the defen-

dant based upon such previous conduct or "bad character." *Tamez*, at p. 202. Tempering Article 36.01(a)(1)'s authorization of the reading of the full indictment with the protections provided by Rule 403, the *Tamez* Court concluded that a defendant's agreement to stipulate to the requisite two previous DWI convictions alleged in an indictment is sufficient to limit the indictment reading to the two prior convictions, and the stipulation is sufficient to support prosecution of the elevated felony offense. *See Tamez*, at p. 201. Therefore, a defendant should be allowed to stipulate to such previous offenses if he so chooses. *See id.*

Because Hernandez filed a proper motion to stipulate to his previous DWI convictions used to elevate his offense from a misdemeanor to a felony, the trial court erred by denying his motion. *See Tamez*, at pp. 201–03. Therefore, we sustain Hernandez's sole issue on appeal. Accordingly, we reverse the judgment of the trial court and remand for further proceedings.