**Michael Gregory ROBLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–00548–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 13, 2000.

Mike DeGuerin, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices SEARS, DRAUGHN, and CANNON.[*]

## OPINION

ROSS A. SEARS, Justice (Assigned).

Appellant was charged with the felony offense of driving while intoxicated. *See* TEX. PEN.CODE ANN. § 49.09(b). In his motion to suppress, appellant stipulated to two previous DWI convictions and requested the State be prohibited from introduc-

ing evidence regarding the nature of his prior DWI convictions, citing Evidence Rule 403 and *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The trial court denied the motion, appellant entered a guilty plea, and was sentenced to five years confinement. We reverse the trial court's judgment and remand for a new trial.

■ Where a defendant agrees to stipulate to two previous DWI convictions, the State is only permitted to read the indictment at the beginning of trial, mentioning only the two jurisdictional prior convictions. The State, however, may not present evidence regarding the nature of those convictions during its case-in-chief of the guilt/innocence phase. *See Tamez v. State,* 11 S.W.3d 198, 202 (Tex.Crim.App.2000); *Hernandez v. State,* 18 S.W.3d 699, 699 (Tex.App.-San Antonio 2000, no pet. h.). In *Tamez,* the Court of Criminal Appeals held:

> [A] defendant's stipulation to a previous conviction should suffice when it carries the same evidentiary value as the judgments of prior convictions, yet substantially lessens the likelihood that the jury will improperly focus on the previous conviction or the defendant's "bad character." Such improper focus by the jury not only violates the unfair prejudice rationale of Rule 403, it violates the basic policy of Rule 404(b).

*Tamez,* 11 S.W.3d at 202; *see Smith v. State,* 12 S.W.3d 149 (Tex.App.-El Paso 2000, no pet. h.).

The Court concluded a balance must be struck between Article 36.01(a)(1) of the *Texas Code of Criminal Procedure,* which authorizes the reading of the full indictment and implicitly authorizes the State to prove the previous convictions in its case-in-chief, and Evidence Rule 403, which proscribes this evidence if there is a strong likelihood the jury may improperly use it in reaching its verdict. *See Tamez,* 11

[*] Senior Justices Ross A. Sears, Bill Cannon, and Joe L. Draughn sitting by assignment.

S.W.3d at 202. To strike this balance, the Court held the State may not introduce evidence of a DWI defendant's prior convictions:

> In cases where the defendant agrees to stipulate to the two previous DWI convictions, we find that the proper balance is struck when the State reads the indictment at the beginning of the trial, *mentioning only the two jurisdictional prior convictions, but is foreclosed from presenting evidence of the convictions during its case-in-chief.* This allows the jury to be informed of the precise terms of the charge against the accused, thereby meeting the rationale for reading the indictment, without subjecting the defendant to substantially prejudicial and improper evidence during the guilt/innocence phase of the trial. Following this logic, any prior convictions beyond the two jurisdictional elements should not be read or proven during the State's case-in-chief—as long as the defendant stipulates to the two prior convictions—as they are without probative value and can serve only to improperly prove the defendant's "bad character" and inflame the jury's prejudice.

*Id.* at 202–03. (Emphasis added).

■ Thus, because appellant properly agreed to stipulate to his previous DWI convictions used to elevate his offense from a misdemeanor to a felony, the trial court erred by denying his motion. Accordingly, we sustain appellant's sole issue, reverse the judgment of the trial court and remand for further proceedings.