Torry Wayne ELLIOT, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–00847–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 23, 2001.

Rehearing Overruled Oct. 18, 2001.

Winston E. Cochran Jr., Houston, for appellants.

Rikke Burke Graber, Houston, for appellees.

Panel consists of Justices EDELMAN, FROST, and MURPHY.*

## MAJORITY OPINION

EDELMAN, Justice.

Torry Wayne Elliott appeals a felony conviction for driving while intoxicated ("DWI") on the grounds that the trial court erred in denying appellant's stipula-

---

* Senior Chief Justice Paul C. Murphy sitting by assignment.

tion and motion to suppress evidence (collectively, the "motion") which sought, during the guilt-innocence phase of trial, to prohibit any mention of appellant's prior convictions to the jury. We affirm.

Appellant was charged by indictment with felony DWI. He thereafter filed the motion which: (1) stipulated that the three prior DWI convictions and one prior burglary conviction alleged in the indictment were true; and then (2) requested only the following relief: "defendant moves that the court enter an order prohibiting the state, during the arraignment, voir dire, guilt/innocence phase of trial, or at any other time from mentioning or introducing evidence before the jury that [appellant] has three prior driving while intoxicated convictions and one prior burglary conviction." The record does not reflect whether any type of hearing was held on the motion. The operative portion of appellant's proposed order (the "proposed order"), which the trial court signed with the handwritten notation "denied," states, "It is ordered that the State shall not mention, allude to, or in any way refer or introduce evidence of defendant's prior driving while intoxicated convictions during voir dire, opening statement, or at any other time during the guilt/innocence phase of trial." On the day that order was signed (as denied), appellant pled guilty, and the trial court assessed punishment of eight years confinement pursuant to an agreed punishment recommendation.

■ Appellant's three points of error all challenge the trial court's denial of the

motion. A trial court's ruling on a motion to suppress which does not turn on an evaluation of credibility and demeanor is reviewed *de novo*. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App.2000). However, where a complaint on appeal does not comport with an objection at trial, error is not preserved on the complaint. *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim.App.1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997).

In this case, in contrast to the broad manner in which the motion and proposed order sought to simply exclude any mention of appellant's prior convictions during the guilt-innocence phase of trial, appellant's three points of error on appeal seek to challenge the denial of the motion to the extent of the following individual aspects: (1) prohibiting testimonial or documentary evidence of the prior DWI convictions during the guilt-innocence phase of trial; (2) excluding the stipulation from the jury's consideration during the guilt-innocence phase of trial; and (3) prohibiting reading of the indictment's allegations of prior convictions to the jury.[1]

■ In a felony DWI case, where a defendant agrees to stipulate to two previous DWI convictions, the State is permitted to read the indictment at the beginning of the trial, mentioning only the two jurisdictional prior convictions, but is foreclosed from presenting evidence of those convictions during its case-in-chief. *Tamez v. State*, 11 S.W.3d 198, 202–03 (Tex.Crim. App.2000).[2] In this case, there is no rec-

1. In support of these contentions, appellant essentially argues that the purpose of alleging and proving the various prior convictions is to establish the felony grade of the offense, and, thus, the subject matter jurisdiction of the district court, and to authorize consideration of a higher range of punishment. Therefore, he contends that making the jury aware of prior convictions during the guilt-innocence

phase accomplishes nothing for the State in making its case, but only allows the jury's determination of guilt to be skewed by consideration of those prior convictions.

2. This allows the jury to be informed of the precise terms of the charge, meeting the rationale for reading the indictment, without subjecting the defendant to substantially prejudi-

ord that appellant ever asked the trial court for anything less than complete exclusion of any mention of all prior convictions during the guilt-innocence phase. Because he was not entitled to such broad relief,[3] the trial court's denial of his order asking only for complete exclusion of any mention of the prior convictions was not error. We do not believe that a trial court is obligated to *sua sponte* grant a request other than that presented by a party or is subject to reversal for failing to ascertain what, if any, lesser or different relief a party might be entitled to than that which he has requested. Because the record does not reflect that appellant ever raised any of the lesser forms of relief to which he seeks to assign error on appeal, there is no indication that the trial court ever ruled on any such relief. Because his points of error therefore present nothing for our review, they are overruled, and the judgment of the trial court is affirmed.

FROST, Justice, dissenting.

By filing the stipulation and motion to suppress, appellant effectively sought, during the guilt-innocence phase of trial, (1) to stipulate to appellant's prior jurisdictional DWI convictions in lieu of the State presenting evidence of them; and (2) to obtain an order from the trial court excluding any mention or introduction of evidence of these convictions, which necessarily included any mention of the stipulation itself or any reading to the jury of the enhancement allegations of the indictment regarding appellant's prior convictions.

A balance must be struck between article 36.01(a)(1) of the Texas Code of Crimi-

nal Procedure, which authorizes the reading of the full indictment and implicitly authorizes the State to prove jurisdictional prior convictions in its case-in-chief, and Texas Rule of Evidence 403, which proscribes the admission of such evidence if there is a strong likelihood that the jury may use it improperly as evidence of bad character in reaching its verdict. *Tamez v. State*, 11 S.W.3d 198, 202 (Tex.Crim. App.2000). To achieve this balance in a felony DWI case, where a defendant agrees to stipulate to two previous DWI convictions, the State is permitted to read the indictment at the beginning of the trial, mentioning only the two jurisdictional prior convictions, but is foreclosed from presenting evidence of those convictions during its case-in-chief. *Id.* at 202. This procedure allows the jury to be informed of the precise terms of the charge, meeting the jurisdictional requirement, without subjecting the defendant to substantially prejudicial and improper evidence during the guilt-innocence phase of the trial. *Id.*[1]

In this case, the trial court's denial of the motion to suppress failed to comply with *Tamez* to the extent it would have allowed the State, during the guilt-innocence phase, (1) to read to the jury the portion of the indictment containing the State's enhancement allegations of appellant's third prior DWI conviction and his prior burglary conviction; and (2) to introduce evidence of appellant's two prior jurisdictional DWI convictions, including appellant's stipulation to them. The majority, however, finds that because appel-

---

cial and improper evidence during the guilt-innocence phase of the trial. *Tamez,* 11 S.W.3d at 202.

**3.** Under *Tamez,* appellant's stipulation to the two prior jurisdictional DWI convictions did not preclude the State from reading the portions of the indictment alleging those convictions. *See Tamez,* 11 S.W.3d at 202.

**1.** At least three reported courts of appeals opinions have reversed convictions based on *Tamez. See Robles v. State,* 20 S.W.3d 162, 163 (Tex.App.—Houston [14th Dist.] 2000, pet. granted); *Hernandez v. State,* 18 S.W.3d 699, 701 (Tex.App.—San Antonio 2000, pet. granted); and *Smith v. State,* 12 S.W.3d 149, 149–50 (Tex.App.—El Paso 2000, pet. ref'd.).

lant requested the "complete exclusion of any mention of all prior convictions during the guilt innocence phase" rather than the "lesser forms of relief to which he seeks to assign error on appeal," appellant presents nothing for this court's review. Finding the trial court is not obligated to grant anything other than the *precise* relief requested, the majority reasons that because appellant asked for more relief than he may have been entitled to receive, he failed to preserve error on the court's refusal to grant him the relief to which he *was* entitled.

The "raise or waive rule" embodied in Texas Rule of Appellate Procedure 33.1, entitled "*Preservation; How Shown,*" provides in relevant part:

(a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a *timely* request, objection, or motion that:

(A) stated the *grounds* for the ruling that the complaining party sought from the trial court with *sufficient specificity* to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Tex.R.App. P. 33.1 (emphasis added). An objection or complaint is not waived because the party asserting it asks for more

relief than he may be entitled to receive under the grounds asserted.

Under our adversary system, it is incumbent upon litigants to frame the issues for the trial court and to do so at a time and in a manner that will give the trial court an opportunity to respond to the complaint and, if possible, cure any error. Reversing for error not brought to the trial court's attention, in effect, permits the party challenging the trial court's ruling to second-guess his own trial strategy and tactical decisions after they do not produce the desired result. Moreover, there is an inherent incongruity in reversing a trial court based on an "error" when it was never given an opportunity to make a "correct" decision. Last, but not least, the most important rationale for the rule is judicial economy. If the losing party can secure a reversal on an issue not fairly presented in the trial court, the parties and the public are put to the enormous delay, expense, and inconvenience of a second trial that could have been avoided had counsel timely identified and articulated the basis for the complaint and the trial court resolved it.[2]

Clearly, if counsel objects on an incorrect ground at trial and is overruled, but later cites the correct ground to the appellate court, it will be too late. *See Rezac v. State,* 782 S.W.2d 869, 871 (Tex.Crim.App. 1990). In other words, "[a]n objection stating one legal theory may not be used to support a different legal theory on appeal." *Camacho v. State,* 864 S.W.2d 524, 533 (Tex.Crim.App.1993). This result resounds in the familiar and oft applied rule that a complaint made on appeal must comport with the complaint made in the trial court, or the error is waived. *See Rezac,* 782 S.W.2d at 870. However, if it is apparent from the record that the trial court understood the objection and its

---

2. *See* TEX. R. APP. P. 33.1.

*ground,* error is preserved. *See Dixon v. State,* 928 S.W.2d 564, 564–65 (Tex.Crim. App.1996). *This is not a case in which a party asserted an incorrect ground for relief.*

The majority's finding of waiver is based not on any variance in the *ground* asserted in the court below (i.e., unfair prejudice based on the mention or introduction of evidence of prior convictions in the guilt innocence phase), but rather on the fact that the appellant sought "complete exclusion" of the prior convictions in the trial court while his appellate complaints are characterized in terms of the trial court's improper refusal to exclude (1) the reading to the jury of the indictment containing the prior convictions; (2) the presentation to the jury of the stipulation admitting the prior convictions; and (3) the "testimonial or documentary evidence" of the prior DWI convictions.

The crucial inquiry is whether the motion was sufficient to inform the trial court of the *ground* for the objection and the request for relief. That a defendant requests greater relief than he may be entitled to receive does not alter the fact that he gave very *specific grounds* for the relief requested. Here, appellant stated as the ground for excluding his prior convictions that allowing the State "to introduce evidence of [appellant's] three prior driving while intoxicated convictions and one prior burglary conviction will unduly prejudice [appellant] and deny him the opportunity for a fair trial." Having articulated this ground, appellant followed up with a specific request, stating:

> Under [Texas Rule of Evidence] 403 [appellant] moves that the court enter an order prohibiting the state, during arraignment, voir dire, guilt/innocence phase of trial, or any other time from mentioning or introducing evidence before the jury that [appellant] has three

prior driving while intoxicated convictions and one prior burglary conviction.

In support of his motion, appellant cited to *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574, (1997), which provides that a defendant should be permitted to stipulate to prior DWI convictions, which are necessary for jurisdictional purposes, thereby preventing a jury's determination of guilt from being skewed by the revelation of prior convictions at the guilt-innocence stage. *Id.* at 186–87, 117 S.Ct. 644. The *Tamez* court identified this same ground as a basis for its rule that *"any prior convictions beyond the two jurisdictional elements should not be read or proven during the State's case-in-chief—as long as the defendant stipulates to the two prior convictions . . . . "* 11 S.W.3d at 202–03 (emphasis added). The *Tamez* court considered the applicability of the *Old Chief* principle to a Texas prosecution of the felony grade of DWI and concluded the unfair prejudice to the defendant resulted, not from the State's being allowed to read and prove the two prior convictions necessary as jurisdictional elements, but instead, from the State's reading and proving those additional allegations of prior convictions during its case-in-chief. *See id.* at 202–03. Here, appellant cited as *grounds* for his complaint and request for relief *both* Rule 403 and *Old Chief.* It is overwhelmingly apparent from the context and appellant's specific reference to these authorities that he was complaining about the unfair prejudice he would suffer if the court denied his motion to suppress any mention or introduction of evidence of his prior convictions. In assessing the adequacy of the complaint in the court below, for preservation of error, we traditionally focus on the *timeliness* and *specificity of grounds* for the complaint. The majority's ruling, however, hinges on its conclusion that appellant's complaint, while not imprecise in its identification of the grounds

for relief, was overbroad in terms of the relief requested.

Appellant's motion was timely and sufficient to inform the trial court of the ground for appellant's complaint and request for relief. Any variance between the statements in appellant's motion to suppress and the complaints he now raises on appeal is insufficient to support waiver under Rule 33.1. Because the record does not support waiver, this court should address appellant's complaints on the merits. In doing so, this court should hold that, based on *Tamez*, appellant's points of error should be sustained to the extent the trial court's ruling failed to comply with the rule announced in that case. Accordingly, the judgment of the trial court should be reversed and the case remanded for further proceedings.[3]

---

**3.** Upon determining that a trial court's denial of a motion to suppress is erroneous, we need not conduct a harm analysis. *See McKenna v. State*, 780 S.W.2d 797, 800 (Tex.Crim.App. 1989).