In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-383 CR


____________________



CASSANDRA SUE BENGE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 03-10-07875-CR






MEMORANDUM OPINION


 Appellant Cassandra Sue Benge was indicted for possession of a controlled
substance (methamphetamine) in the amount of four hundred grams or more, including
adulterants and/or dilutants. Benge filed three motions to suppress. Benge's first motion
to suppress asserted "she was arrested without a valid warrant and/or probable cause and
exigent circumstances in violation of her rights as guaranteed by U.S. Const. amend. IV,
& XIV, and Tex. Const. Art. 1 sec. 9." Benge's second motion sought suppression of
her confession, as well as her oral and written statements, which Benge contended were
illegally obtained. Benge's third motion sought suppression of a videotape Benge
contended was seized during an illegal search.

 After conducting a hearing on all three motions to suppress, the trial court denied
the first two motions and granted the third. Benge then pled guilty. The trial court
assessed punishment at ten years of confinement, probated for ten years, placement in a
substance abuse facility, and a fine of five hundred dollars. Benge filed this appeal from
the denial of the motions to suppress. 

 In this appeal, Benge asserts that because she answered the door and spoke with
Detective Cash, Sergeant Millhouse, another officer on the scene, "had no lawful
justification" to be at the side of her house, and the evidence obtained when Sergeant
Millhouse subsequently called Detective Cash to the same spot is the "fruit of the
poisonous tree." Appellant says it was only from a place where he had no right to be that
Millhouse was able to make the observations which were used to get Detective Cash to the
same spot and trigger the ensuing searches and seizures. This argument focuses on where
Millhouse was when he made his first observations, and differs from the arguments she
made to the trial court. At the hearing on Benge's motions to suppress, Benge's counsel
argued the informant whose tip led the authorities to Benge's home was unreliable; the
search and field test of a jar inside Benge's garage was illegal; the authorities lacked
probable cause to arrest Benge without a warrant; all statements obtained from Benge's
arrest were fruit of the poisonous tree; the officers should have used the least intrusive
method to see whether exigent circumstances existed; the evidentiary warrant was not
signed by a magistrate or judge who is a licensed attorney; the "non-drug" exhibits,
including a videotape, should not have been admitted because they were improperly seized;
the officers' presence in Benge's garage without a warrant was an unreasonable search and
seizure; and exigent circumstances did not exist once Benge and other suspects had been
removed from the house. 

 The State argues that Benge waived any argument about the legality of Sgt.
Millhouse's initial location because that issue "would turn on specific factual information
about the layout of the home, garage, and driveway on the property. The State further
argues that "because Appellant neither raised the issue in her motions to suppress nor
objected to the absence of pertinent findings and conclusions by the court, she denied the
court an opportunity to rule on the matter." We agree. The grounds of objection raised
on appeal must comport with the objections made before the trial court. See Bell v. State,
938 S.W.2d 35, 54 (Tex. Crim. App. 1996); Elliot v. State, 56 S.W.3d 780, 781 (Tex.
App.--Houston [14th Dist.] 2001, pet. ref'd); Tex. R. App. P. 33.1(a)(1)(A). In Elliot, the
court explained as follows: 

 Under our adversary system, it is incumbent upon litigants to frame the
issues for the trial court and to do so at a time and in a manner that will give
the trial court an opportunity to respond to the complaint and, if possible,
cure any error. Reversing for error not brought to the trial court's attention,
in effect, permits the party challenging the trial court's ruling to second-guess his own trial strategy and tactical decisions after they do not produce
the desired result. Moreover, there is an inherent incongruity in reversing
a trial court based on an "error" when it was never given an opportunity to
make a "correct" decision. 


Elliot, 56 S.W.3d at 783. A trial court cannot be said to have erred in denying a motion
on a basis not presented to it. See Keeter v. State, No. PD-1012-03, 2005 Tex. Crim.
App. LEXIS 521, at *9 (Tex. Crim. App. April 6, 2005). Benge did not argue before the
trial court, as she does on appeal, that Sergeant Millhouse lacked "lawful justification" to
be at that side of her house, and that this alleged illegality tainted Detective Cash's
investigation and the evidence later recovered. Benge's issue on appeal does not comport
with her motions to suppress and her arguments below. See Bell, 938 S.W.2d at 54;
Elliot, 56 S.W.3d at 781; Tex. R. App. P. 33.1(a)(1)(A). Because the issue was not
preserved for review, Benge's sole issue is overruled. The judgment of the trial court is
affirmed. 

 AFFIRMED. 


 _________________________________

 DAVID GAULTNEY

 Justice



Submitted on August 29, 2005

Opinion Delivered October 19, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.