NO. 07-04-0232-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 27, 2005



______________________________


 

CHARLENE D. DAVIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;



NO. 2003-483305; HONORABLE LARRY B. (RUSTY) LADD, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Charlene D. Davis was convicted of hindering apprehension of a fugitive. 
The jury found appellant guilty and sentenced appellant to 90 days in the county jail. 
Appellant appeals her conviction. We affirm.

Background


 While on patrol, Lubbock police officer, Christopher Daniel, stopped a vehicle for a
traffic violation and identified Levone Madden as one of the passengers of that vehicle. 
During the investigatory detention of the occupants of the car, Madden fled and, according
to Daniel, passed near appellant who was standing beside a green SUV. Appellant
entered her vehicle and left the scene. Daniel notified dispatch of Madden fleeing the
scene, and gave them a description of the green SUV which he believed may have left to
pick up Madden. 

 After hearing Daniel's description of the green SUV over the radio, Officer Jonathan
Stewart observed a vehicle matching the description run a red light. Stewart initiated a
traffic stop and identified appellant as the driver and Madden as a passenger. Appellant
claimed that she did not know that Madden was fleeing from the police. According to
appellant, Madden had asked her for a ride, and did not tell her he was running from the
police. Appellant was arrested and charged with hindering apprehension.

 During pretrial preparation, appellant discovered that Madden was incarcerated in
Oklahoma and would not be available to testify at trial. Appellant requested a bench
warrant to secure Madden's testimony at trial, and drafted a bench warrant for the trial
judge's signature. The trial court honored appellant's request and issued a bench warrant
directed to the warden of the penal institution housing Madden. On the morning of trial,
appellant requested a continuance and notified the trial court of the warden's failure to
comply with the bench warrant. The trial court denied appellant's motion for continuance,
and appellant proceeded to trial.

 Appellant was convicted of hindering apprehension and sentenced to 90 days
confinement in county jail. Appellant filed notice of appeal. 

 Appellant raises two issues: (1) whether the trial court erred in failing to procure an
out-of-state witness utilizing Tex. Code Crim. Proc. Ann art. 24.29 (Vernon 1989); (1) and (2)
whether the trial court erred in denying appellant's motion for continuance.

Issue one: Out-of-state witness


 Appellant contends that once she made a request of the trial court for assistance
in obtaining an out-of-state witness, the burden shifted to the trial court to ensure the
witness's presence for trial, and that the trial court erred because it failed to correctly follow
art. 24.29. We disagree.

 The record reveals that appellant's trial attorney prepared a bench warrant on
October 7, 2003 and that the trial court signed the bench warrant on November 4, 2003. 
The record lacks any references, motions, letters, or requests regarding a hearing or
certification under art. 24.29. Although appellant claims that the trial court should have
held a hearing sua sponte or issued an appropriate certification in addition or in lieu to the
requested bench warrant, a trial court has no duty to assist a party in determining the
correct course of action or assist an attorney in the performance of his duties. In our
adversarial system of criminal justice, a trial judge may not abandon his position as neutral
arbiter and take on the role of an advocate. See Bethany v. State, 814 S.W.2d 455, 462
(Tex.App.-Houston [14th Dist.] 1991, pet. ref'd). Unless the trial judge maintains his neutral
role, our judicial system cannot function and fairness is lost. Id. Further, we cannot
obligate a trial court to sua sponte grant a request other than that presented by a party or 
subject a trial court's action to reversal for failure to ascertain what different relief a party
might be entitled to than that which the party requested. See Elliot v. State, 56 S.W.3d
780, 782 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). Therefore, we conclude that the
trial court did not err in complying with appellant's request for a bench warrant, even though
such request did not comply with the requirements of art. 24.29. We overrule appellant's
first issue.

Issue two: Denial of motion for continuance


 Appellant contends that the trial court erred in refusing to grant her motion for
continuance because the witness was material to appellant's defense. Appellant filed her
first motion for continuance on the morning of trial, March 31, 2004. At that time, appellant
informed the court that the basis of the motion for continuance was that Levone Madden,
the subject of the bench warrant, was not available for trial. Appellant informed the court
that she did not become aware that Madden was not available until a week prior to trial.

 A trial court's ruling on a motion for continuance is reviewed for an abuse of
discretion. Art. 29.06; Wright v. State, 28 S.W.3d 526, 532 (Tex.Crim.App. 2000). Further,
in order to show an abuse of discretion, appellant must show that the denial of her motion
resulted in actual prejudice. Id. To be entitled to such a continuance, appellant must
comply with all statutory prerequisites. Gentry v. State, 770 S.W.2d 780, 786
(Tex.Crim.App. 1988) (en banc). Under art. 29.06, a motion for continuance based on an
absent witness must state (1) the name of the witness and his residence, (2) the diligence
used to procure his attendance, (3) the facts expected to be proven by the witness such
that it appears to the court that the witness is material, (4) that the witness's absence is not
the result of appellant's action, (5) that motion is not for delay, and (6) that there is no
reasonable expectation that attendance of the witness can be secured for the present trial
setting. Further, such a motion for continuance must be in writing, see art. 29.03, and
sworn to by a person having personal knowledge of the facts relied on for the continuance,
see art. 29.08. Appellant's first motion for continuance failed to state (1) name and
address of the witness, (2) the diligence used to procure his attendance, (3) the facts
expected to be proven by the witness, and (4) that the witness's absence was not the result
of appellant's action. (2) Although appellant makes the conclusory statement that the witness
is material, appellant's motion does not reflect what the absent witness would have testified
to. Gentry, 770 S.W.2d at 786. Additionally, the first motion for continuance was not
verified as required by art 29.08. Since appellant failed to comply with the statutory
requirements necessary for a motion for continuance, we conclude that the trial court did
not err in denying appellant's requested continuance. We overrule appellant's second
issue.



Conclusion


 Having overruled appellant's issues, we affirm. 

 

 Mackey K. Hancock

 Justice






 
1. Further reference to the Texas Code of Criminal Procedure will be by reference
to "art. __."
2. Appellant filed a second motion for continuance entitled "First Amended Motion for
Continuance." The trial court addressed both motions separately, and overruled both
motions. This second motion was filed after trial had commenced and would be subject
to additional requirements, see art. 29.13. However, this First Amended Motion for
Continuance also fails to comply with statutory prerequisites.



.002(a)(1) (Vernon Supp. 2002). 
2. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).