NO. 07-04-0232-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 27, 2005

_____

CHARLENE D. DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2003-483305; HONORABLE LARRY B. (RUSTY) LADD, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Charlene D. Davis was convicted of hindering apprehension of a fugitive. The jury found appellant guilty and sentenced appellant to 90 days in the county jail. Appellant appeals her conviction. We affirm.

Background

While on patrol, Lubbock police officer, Christopher Daniel, stopped a vehicle for a traffic violation and identified Levone Madden as one of the passengers of that vehicle.

During the investigatory detention of the occupants of the car, Madden fled and, according to Daniel, passed near appellant who was standing beside a green SUV. Appellant entered her vehicle and left the scene. Daniel notified dispatch of Madden fleeing the scene, and gave them a description of the green SUV which he believed may have left to pick up Madden.

After hearing Daniel's description of the green SUV over the radio, Officer Jonathan Stewart observed a vehicle matching the description run a red light. Stewart initiated a traffic stop and identified appellant as the driver and Madden as a passenger. Appellant claimed that she did not know that Madden was fleeing from the police. According to appellant, Madden had asked her for a ride, and did not tell her he was running from the police. Appellant was arrested and charged with hindering apprehension.

During pretrial preparation, appellant discovered that Madden was incarcerated in Oklahoma and would not be available to testify at trial. Appellant requested a bench warrant to secure Madden's testimony at trial, and drafted a bench warrant for the trial judge's signature. The trial court honored appellant's request and issued a bench warrant directed to the warden of the penal institution housing Madden. On the morning of trial, appellant requested a continuance and notified the trial court of the warden's failure to comply with the bench warrant. The trial court denied appellant's motion for continuance, and appellant proceeded to trial.

Appellant was convicted of hindering apprehension and sentenced to 90 days confinement in county jail. Appellant filed notice of appeal.

Appellant raises two issues: (1) whether the trial court erred in failing to procure an out-of-state witness utilizing TEX. CODE CRIM. PROC. ANN art. 24.29 (Vernon 1989);[1] and (2) whether the trial court erred in denying appellant's motion for continuance.

### Issue one: Out-of-state witness

Appellant contends that once she made a request of the trial court for assistance in obtaining an out-of-state witness, the burden shifted to the trial court to ensure the witness's presence for trial, and that the trial court erred because it failed to correctly follow art. 24.29. We disagree.

The record reveals that appellant's trial attorney prepared a bench warrant on October 7, 2003 and that the trial court signed the bench warrant on November 4, 2003. The record lacks any references, motions, letters, or requests regarding a hearing or certification under art. 24.29. Although appellant claims that the trial court should have held a hearing *sua sponte* or issued an appropriate certification in addition or in lieu to the requested bench warrant, a trial court has no duty to assist a party in determining the correct course of action or assist an attorney in the performance of his duties. In our adversarial system of criminal justice, a trial judge may not abandon his position as neutral arbiter and take on the role of an advocate. See Bethany v. State, 814 S.W.2d 455, 462 (Tex.App.–Houston [14th Dist.] 1991, pet. ref'd). Unless the trial judge maintains his neutral role, our judicial system cannot function and fairness is lost. Id. Further, we cannot

---

[1] Further reference to the Texas Code of Criminal Procedure will be by reference to "art. ___."

obligate a trial court to *sua sponte* grant a request other than that presented by a party or subject a trial court's action to reversal for failure to ascertain what different relief a party might be entitled to than that which the party requested.  See Elliot v. State, 56 S.W.3d 780, 782 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd).  Therefore, we conclude that the trial court did not err in complying with appellant's request for a bench warrant, even though such request did not comply with the requirements of art. 24.29.  We overrule appellant's first issue.

## Issue two:  Denial of motion for continuance

Appellant contends that the trial court erred in refusing to grant her motion for continuance because the witness was material to appellant's defense.  Appellant filed her first motion for continuance on the morning of trial, March 31, 2004.  At that time, appellant informed the court that the basis of the motion for continuance was that Levone Madden, the subject of the bench warrant, was not available for trial.  Appellant informed the court that she did not become aware that Madden was not available until a week prior to trial.

A trial court's ruling on a motion for continuance is reviewed for an abuse of discretion. Art. 29.06; Wright v. State, 28 S.W.3d 526, 532 (Tex.Crim.App. 2000).  Further, in order to show an abuse of discretion, appellant must show that the denial of her motion resulted in actual prejudice. Id.  To be entitled to such a continuance, appellant must comply with all statutory prerequisites.  Gentry v. State, 770 S.W.2d 780, 786 (Tex.Crim.App. 1988) (en banc).  Under art. 29.06, a motion for continuance based on an absent witness must state (1) the name of the witness and his residence, (2) the diligence

used to procure his attendance, (3) the facts expected to be proven by the witness such that it appears to the court that the witness is material, (4) that the witness's absence is not the result of appellant's action, (5) that motion is not for delay, and (6) that there is no reasonable expectation that attendance of the witness can be secured for the present trial setting. Further, such a motion for continuance must be in writing, see art. 29.03, and sworn to by a person having personal knowledge of the facts relied on for the continuance, see art. 29.08. Appellant's first motion for continuance failed to state (1) name and address of the witness, (2) the diligence used to procure his attendance, (3) the facts expected to be proven by the witness, and (4) that the witness's absence was not the result of appellant's action.[2] Although appellant makes the conclusory statement that the witness is material, appellant's motion does not reflect what the absent witness would have testified to. Gentry, 770 S.W.2d at 786. Additionally, the first motion for continuance was not verified as required by art 29.08. Since appellant failed to comply with the statutory requirements necessary for a motion for continuance, we conclude that the trial court did not err in denying appellant's requested continuance. We overrule appellant's second issue.

---

[2] Appellant filed a second motion for continuance entitled "First Amended Motion for Continuance." The trial court addressed both motions separately, and overruled both motions. This second motion was filed after trial had commenced and would be subject to additional requirements, see art. 29.13. However, this First Amended Motion for Continuance also fails to comply with statutory prerequisites.

## Conclusion

Having overruled appellant's issues, we affirm.


Mackey K. Hancock
Justice