In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-044 CR


____________________



MATTHEW DILLON WHITMIRE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR24638






MEMORANDUM OPINION


 A jury convicted appellant Matthew Dillon Whitmire of aggravated assault with a
deadly weapon and attempted capital murder. The trial court assessed punishment at life
imprisonment for each offense. In this appeal, Whitmire raises three issues for our
consideration. We affirm.

 While on patrol, Trooper Brian Nichols observed a black truck with a license plate
light that did not properly illuminate its license plate. Trooper Nichols activated his lights
and attempted to stop the truck. The driver initially pulled over onto the shoulder of the
roadway and appeared to be stopping, but then rapidly accelerated and returned to the
roadway. Trooper Nichols requested assistance and pursued the truck at eighty to ninety
miles per hour. During the pursuit, the truck struck another officer at a roadblock. The
driver ultimately abandoned the truck and fled on foot after unsuccessfully negotiating a turn. 
Trooper Nichols retrieved Whitmire's driver's license from the truck. Game Warden Mike
Boone subsequently apprehended Whitmire inside a trailer at a deer camp owned by another
individual. 

 In his first issue, Whitmire asserts the trial court erred in failing to grant his motion
to suppress the warrantless search of another individual's property. An accused has standing
to challenge the admission of evidence obtained from a search only if he had a legitimate
expectation of privacy in the area searched. Rakas v. Illinois, 439 U.S. 128, 143, 99 S.Ct.
421, 430, 58 L.Ed.2d 387 (1978); Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). The accused bears the burden to prove facts establishing a legitimate expectation of
privacy. Villarreal, 935 S.W.2d at 138. The accused must prove that he had an actual
subjective expectation of privacy that society would recognize as objectively reasonable. Id. 
The following factors are relevant in determining whether an accused's subjective
expectation was objectively reasonable:

 (1) whether the accused had a property or possessory interest in the place
invaded; (2) whether he was legitimately in the place invaded; (3) whether he
had complete dominion or control and the right to exclude others; (4) whether,
before the intrusion, he took normal precautions customarily taken by those
seeking privacy; (5) whether he put the place to some private use; and (6)
whether his claim of privacy is consistent with historical notions of privacy.


Id. (citing Calloway v. State, 743 S.W.2d 645, 651 (Tex. Crim. App. 1988)). 

 Assuming without deciding that the search of which Whitmire complains was illegal,
the evidence showed that Whitmire did not own the property that was searched. When the
investigating officers arrived, Whitmire said he had been hit in the head and did not know
how he came to be there. We find Whitmire did not have a reasonable expectation of privacy
in the area searched, and he therefore lacks standing to complain about the search of the
property. See id. We overrule issue one.

 In his second issue, Whitmire asserts the trial court erred in admitting his post-arrest
statements into evidence, because they were detained in the course of a custodial
interrogation. The specific evidence of which Whitmire complains is the following
testimony from Game Warden Mike Boone: "As we took custody of Mr. Whitmire and led
him out of the hunting camp itself, I asked him what he was doing in there." Whitmire's
counsel then lodged the following objection: "Objection, Your Honor. This is hearsay and
statements of the accused that are prohibited by 404-B. . . . Statements of the accused, we're
objecting to their admission." After the State responded that the testimony was not "404-B
material" and was not hearsay, the trial court overruled the objection. Warden Boone then
testified that Whitmire "advised me he was sleeping and wanted to know if anybody had
found his pickup truck. He stated that somebody had hit him in the head and he did not know
how he came to this location."

 An objection that states one legal basis may not be used to support a different legal
theory on appeal. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Rather, the
grounds of objection raised on appeal must comport with the objections made before the trial
court. See Goff v. State, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996); Elliot v. State, 56
S.W.3d 780, 781 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd); Tex. R. App. P.
33.1(a)(1)(A). When the complaint on appeal does not comport with an objection at trial,
error is not preserved. Goff, 931 S.W.2d at 551.

 Whitmire did not argue before the trial court, as he does on appeal, that the testimony
regarding his statement was inadmissible because the statement was obtained during a
custodial interrogation. Whitmire's issue on appeal does not comport with his objection at
trial. See id.; Elliot, 56 S.W.3d at 781. Therefore, the issue was not preserved for our
review. See Tex. R. App. P. 33.1(a)(1)(A). We overrule issue two.

 In his third issue, Whitmire contends it was error for the prosecutor to misinform the
jury regarding the State's burden of proof. The incident of which Whitmire complains
occurred during the State's rebuttal, when the prosecutor argued as follows: "If you truly
believe in your mind beyond a reasonable doubt that he is not guilty of these offenses, then
find him not guilty."

 To preserve error regarding improper jury argument, a defendant must object and
pursue the objection to an adverse ruling. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996); Tex. R. App. P. 33.1(a). Whitmire's counsel did not object to the prosecutor's
argument. Whitmire concedes he did not lodge an objection, but he argues that "the error is
so damaging that it denied him a fair trial and was a violation of his constitutional
rights. . . ." Assuming without deciding that the prosecutor's argument deprived Whitmire
of his constitutional rights, Whitmire nevertheless waived any such error by failing to
properly object. See Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (Even
constitutional errors may be waived by failure to object at trial.). We overrule issue three and
affirm the trial court's judgment.

 AFFIRMED.


 

 STEVE McKEITHEN

 Chief Justice


Submitted on August 2, 2006

Opinion Delivered August 23, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.