NO. 07-06-0381-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 7, 2007


 ______________________________



J. W. MARSHALL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 92977; HONORABLE LARRY GIST, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant J. W. Marshall has given notice of appeal from a judgment of conviction
and sentence for the possession of a controlled substance. The appellate court clerk
received and filed the trial court clerk's record on September 21, 2006. The trial court
reporter's record was filed on October 12, 2006. 

 New counsel for appellant was appointed on December 19, 2006 and appellant's
brief due date was extended to March 2, 2007. By our letter dated April 26, 2007,
appellant was granted an extension to file the brief to May 21, 2007 with the admonition
that no other extensions would be granted absent extreme and unusual circumstances. 
Appellant was also notified that this appeal could be abated pursuant to Rule 38.8(b). No
brief or other response has been received from appellant. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: 

 (1) whether appellant desires to prosecute this appeal; 


 if appellant desires to prosecute this appeal, then whether appellant
is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; 
 if appellant desires to prosecute this appeal, whether appellant's
present counsel should be replaced; and
 what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal
if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be
diligently pursued.



If the trial court determines that the present attorney for appellant should be replaced, the
court should cause the clerk of this court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed or newly-retained attorney. 

 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental 

reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than July 9, 2007.


 Per Curiam





Do not publish. 




underline"> The record reveals that appellant's trial attorney prepared a bench warrant on
October 7, 2003 and that the trial court signed the bench warrant on November 4, 2003. 
The record lacks any references, motions, letters, or requests regarding a hearing or
certification under art. 24.29. Although appellant claims that the trial court should have
held a hearing sua sponte or issued an appropriate certification in addition or in lieu to the
requested bench warrant, a trial court has no duty to assist a party in determining the
correct course of action or assist an attorney in the performance of his duties. In our
adversarial system of criminal justice, a trial judge may not abandon his position as neutral
arbiter and take on the role of an advocate. See Bethany v. State, 814 S.W.2d 455, 462
(Tex.App.-Houston [14th Dist.] 1991, pet. ref'd). Unless the trial judge maintains his neutral
role, our judicial system cannot function and fairness is lost. Id. Further, we cannot
obligate a trial court to sua sponte grant a request other than that presented by a party or 
subject a trial court's action to reversal for failure to ascertain what different relief a party
might be entitled to than that which the party requested. See Elliot v. State, 56 S.W.3d
780, 782 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). Therefore, we conclude that the
trial court did not err in complying with appellant's request for a bench warrant, even though
such request did not comply with the requirements of art. 24.29. We overrule appellant's
first issue.

Issue two: Denial of motion for continuance


 Appellant contends that the trial court erred in refusing to grant her motion for
continuance because the witness was material to appellant's defense. Appellant filed her
first motion for continuance on the morning of trial, March 31, 2004. At that time, appellant
informed the court that the basis of the motion for continuance was that Levone Madden,
the subject of the bench warrant, was not available for trial. Appellant informed the court
that she did not become aware that Madden was not available until a week prior to trial.

 A trial court's ruling on a motion for continuance is reviewed for an abuse of
discretion. Art. 29.06; Wright v. State, 28 S.W.3d 526, 532 (Tex.Crim.App. 2000). Further,
in order to show an abuse of discretion, appellant must show that the denial of her motion
resulted in actual prejudice. Id. To be entitled to such a continuance, appellant must
comply with all statutory prerequisites. Gentry v. State, 770 S.W.2d 780, 786
(Tex.Crim.App. 1988) (en banc). Under art. 29.06, a motion for continuance based on an
absent witness must state (1) the name of the witness and his residence, (2) the diligence
used to procure his attendance, (3) the facts expected to be proven by the witness such
that it appears to the court that the witness is material, (4) that the witness's absence is not
the result of appellant's action, (5) that motion is not for delay, and (6) that there is no
reasonable expectation that attendance of the witness can be secured for the present trial
setting. Further, such a motion for continuance must be in writing, see art. 29.03, and
sworn to by a person having personal knowledge of the facts relied on for the continuance,
see art. 29.08. Appellant's first motion for continuance failed to state (1) name and
address of the witness, (2) the diligence used to procure his attendance, (3) the facts
expected to be proven by the witness, and (4) that the witness's absence was not the result
of appellant's action. (2) Although appellant makes the conclusory statement that the witness
is material, appellant's motion does not reflect what the absent witness would have testified
to. Gentry, 770 S.W.2d at 786. Additionally, the first motion for continuance was not
verified as required by art 29.08. Since appellant failed to comply with the statutory
requirements necessary for a motion for continuance, we conclude that the trial court did
not err in denying appellant's requested continuance. We overrule appellant's second
issue.



Conclusion


 Having overruled appellant's issues, we affirm. 

 

 Mackey K. Hancock

 Justice






 
1. Further reference to the Texas Code of Criminal Procedure will be by reference
to "art. __."
2. Appellant filed a second motion for continuance entitled "First Amended Motion for
Continuance." The trial court addressed both motions separately, and overruled both
motions. This second motion was filed after trial had commenced and would be subject
to additional requirements, see art. 29.13. However, this First Amended Motion for
Continuance also fails to comply with statutory prerequisites.