In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-342 CR


____________________



ALLEN JAMES GRANGER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 94387






MEMORANDUM OPINION


 A jury convicted appellant Allen James Granger of aggravated robbery as a habitual
felony offender and assessed punishment at sixty years of confinement. Granger then filed
this appeal, in which he contends that the trial court erred by denying his motion to suppress
because in-court and out-of-court identifications of him as the robber violated the Due
Process Clause, and that the photo lineups used violated the Due Process Clause because they
were not scientifically reliable. We affirm.

 Before trial, Granger filed a motion to suppress. In the motion, Granger asserted that
the photographic lineup conducted by Detective David Froman of the Beaumont Police
Department violated Granger's right to Due Process, and that the out-of-court identification
of Granger was so prejudicial that it would taint any in-court identification of him. 
Specifically, Granger complained in his motion to suppress that (1) Detective Froman knew
which member of the lineup was the suspect; (2) the eyewitness was not explicitly told that
the suspect might not be in the photo spread; (3) the witness was shown the photographs all
at once rather than sequentially; (4) "the witness stood out in the photospread as being
different from the descriptors based on the eyewitness' previous descriptor of the culprit or
based on other factors that would draw attention to the suspect"[;] and (5) no one took a clear
statement from the eyewitness "at the time of the identification and prior to any feedback as
to . . . her confidence that the identified person is the actual culprit." The record does not
reflect that the trial court conducted a hearing on Granger's motion before trial. The
proposed order that Granger filed with his motion to suppress is unsigned.

 Charity Stelly, a former employee of a now-closed store called the Record Rack,
testified that a man approached her and asked for help finding a recording by a particular
artist. The man remained in the store for a period of time, and Stelly asked him if she could
help him. The man responded by demanding that Stelly give him all of the money from the
cash register. Stelly testified that he repeated his demand, saying that he "would blast
everybody in the store if I didn't give him the money out of the register[,]" and he lifted his
shirt to reveal a shiny silver gun. The man took the money from the cash register and left the
store. Stelly testified that she then called the police, and she later met with Detective Froman
and told him what had happened. Stelly explained that Detective Froman asked her to view
two pages of photo lineups, and she testified without objection that she identified Granger
as the perpetrator on both pages. According to Stelly, the first page contained photographs
of six people who did not have facial hair, and the second page contained photographs of
people who had facial hair. Stelly identified State's Exhibits 1 and 2 as the two pages of
photographs she had examined.

 Stelly provided a description of the man to the police, and she described him as a
black male, approximately 5'10" or 5'11" in height and weighing 150 to170 pounds. Stelly
also told police that the man was wearing a baby blue baseball cap, a brown jacket with a
white t-shirt underneath, and "blue jean pants." In court, Stelly identified Granger as the man
she saw that day, and defense counsel did not object to Stelly's in-court identification of
Granger.

 Detective Froman testified that while doing a follow-up investigation in three cases, 
he obtained a surveillance tape from one of the locations where an offense occurred, and a
Crime Stoppers segment that utilized portions of the surveillance tape subsequently aired. 
Crime Stoppers Division of the Beaumont Police Department later informed Detective
Froman of the identity of a possible suspect, and Detective Froman requested that the
Jefferson County Identification Bureau make a lineup that included the photograph of the
suspect. Detective Froman took the lineup to the victims in each of the three cases to see if
they could make an identification. One of the victims who viewed the lineup was Stelly. 
Detective Froman identified State's exhibits 1 and 2 as the lineups he showed Stelly. 
Detective Froman testified that he did not tell Stelly that there was a suspect in the lineup, 
and he did not indicate to her that she should select a certain person. Detective Froman
explained that Stelly marked both exhibits to indicate the picture she was identifying.

 When the State tendered exhibits 1 and 2 into evidence, defense counsel lodged the
following objection: "Your Honor, we would object pursuant to our motion to suppress these
photographic lineups and would like to go into voir dire with this witness concerning his
expertise in this matter." After defense counsel questioned Detective Froman on voir dire
regarding his knowledge concerning preparation of photographic identification procedures
and the characteristics of the photo lineup at issue in this case, the State again tendered
exhibits 1 and 2, and defense counsel objected as follows: "We would like to really strongly
emphasize the second photographic spread, that my client's picture is definitely a different
lighting behind it. . . . And is very prejudicial." The trial court overruled counsel's
objections and admitted exhibits 1 and 2 into evidence. Detective Froman then testified that
Stelly identified Granger in both pages of the lineup. Defense counsel did not offer any
additional objections during Detective Froman's testimony.

 In his first issue, Granger argues that the in-court and out-of-court identifications of
him as the robber violated the Due Process Clause. In his second issue, Granger argues the
photo lineups used violated the Due Process Clause because they were not scientifically
reliable. We address these issues together.

 To preserve a complaint for appellate review, the record must show that appellant
made his specific complaint known by a timely request, objection, or motion, and that the
trial court ruled on the request, objection, or motion. See Tex. R. App. P. 33.1(a); see also
Tex. R. Evid. 103(a)(1). If, as here, the trial court does not hold a pretrial hearing on a
motion to suppress, the defendant must timely object to that evidence at trial to preserve
error. Ross v. State, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). In addition, an issue on
appeal must comport with a proper trial objection. Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002); Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996); Elliot v. State,
56 S.W.3d 780, 781 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). To be timely, a
defendant must object when the ground for complaint is apparent or should be apparent. 
Aguilar v. State, 26 S.W.3d 901, 905 (Tex. Crim. App. 2000). "It is fundamental that a
specific objection to inadmissible evidence be urged at the first opportunity in order to be
considered timely." Id. at 905-06. Furthermore, unless a party obtains a running objection
or requests a hearing outside the presence of the jury, he must object each time inadmissible
evidence is offered. Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003)
(footnotes omitted).

 In this case, the record does not demonstrate that Granger obtained a ruling on his
motion to suppress. Therefore, he was required to object at trial each time the complained-of
evidence was offered. See id.; Ross, 678 S.W.2d at 493. Granger did not object to Stelly's
in-court identification of him, and he also did not object to her testimony concerning the
lineup procedure and her identification of him from the photo lineup. Because Granger
failed to object at the earliest possible opportunity, he has waived the issue. See Aguilar, 26
S.W.3d at 905-06. Accordingly, we overrule issue one. 

 With respect to Granger's second issue, in which he contends the photo lineup
violated his right to due process because it was not scientifically reliable, Stelly testified,
without objection, concerning the photo lineup procedure and identified Granger in court. 
Therefore, Granger failed to lodge an objection to the lineup procedure at the earliest
opportunity. See id. In addition, during direct examination, Detective Froman explained the
photo lineup procedure in detail. Defense counsel did not object until the State offered the
photo lineup pages into evidence as exhibits. When defense counsel did object, he simply
objected "pursuant to our motion to suppress these photographic lineups" and requested to
take the witness on voir dire. Defense counsel never obtained a ruling on his objection
"pursuant to" the motion to suppress; therefore, Granger has failed to preserve the issue for
review. See Tex. R. App. P. 33.1(a)(1). In addition, upon defense counsel's completion of
his voir dire examination of Detective Froman, counsel simply objected that Granger's
picture on one of the photo sheets "definitely [had] a different lighting behind it[,]" and that
the photographs were prejudicial. Said objection does not comport with Granger's issue on
appeal regarding scientific reliability. See Wilson, 71 S.W.3d at 349; Elliot, 56 S.W.3d at
781; Bell, 938 S.W.2d at 54. We overrule issue two and affirm the trial court's judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice


Submitted on September 24, 2008

Opinion Delivered October 22, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.