In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00525-CR


____________________



FREDERICK CORNELL HARDEN a/k/a FREDRICK CORNELL HARDEN,


a/k/a FREDRICK HARDEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 97958






MEMORANDUM OPINION


 A jury convicted appellant Frederick Cornell Harden a/k/a Fredrick Cornell Harden
a/k/a Fredrick Harden of unlawful possession of a firearm by a felon, found that Harden was
a habitual felony offender, and assessed punishment at thirty-two years of confinement. In
this appeal, Harden raises three issues for our consideration. We affirm.

Background


 Harden was indicted as a habitual felony offender for unlawful possession of a firearm
by a felon. See Tex. Pen. Code Ann. §§ 12.42(d), 46.04(a)(1) (Vernon Supp. 2008). The
indictment alleged that after being convicted of possession of a controlled substance on June
4, 2003, Harden possessed a firearm before the fifth anniversary of his release from
confinement and mandatory supervision. The indictment also contained enhancement
paragraphs, which alleged that before commission of the primary offense, Harden had been
convicted of three other offenses: felony theft in 1990 and 1992, and escape in 1994. 

 During the guilt/innocence phase of the trial, the State presented the testimony of Carl
Rose, an investigator with the Jefferson County District Attorney's Office. Rose testified
that he is trained in fingerprint recognition. Rose fingerprinted Harden before trial, and he
compared that fingerprint with the fingerprint from State's Exhibit No. 2, a judgment and
sentence from the Criminal Judicial District Court of Jefferson County, Texas in cause
number 87089, dated June 4, 2003, which reflected a conviction for possession of a
controlled substance. According to Rose, Harden's fingerprint matched the fingerprint from
State's Exhibit No. 2. The defense did not object to the admission of State's Exhibit No. 2
into evidence. 

 During the punishment phase, Harden pled "not true" to the enhancement paragraphs.
The State again offered testimony from Rose. Rose testified that he had reviewed State's
Exhibits 5 and 6, which consisted of pen packets that contained Harden's fingerprints and
photographs of Harden. Rose explained that he had compared the fingerprint he took from
Harden with the fingerprints contained in State's Exhibits 5 and 6, and the fingerprints
belonged to Harden. In addition, Rose testified that the photographs in State's Exhibits 5 and
6 were "[d]efinitely" Harden. After taking Rose on voir dire, defense counsel lodged the
following objection:

 Your Honor, at this time we would object to State's Exhibit Nos. 5 and
6. Basically -- let's take one at a time. On State's Exhibit No. 5, the
fingerprints taken under State's Exhibit No. 5 for the penitentiary packet on the
end of the document does not have a fingerprint on the judgment and sentence
to compare it to. Also, Your Honor, there's no identifiers as far as Social
Security number, classification number, anything of that nature. There's just
one number off to the left of it before the word "race." The signature down at
the bottom states it's from a Frederick Cornell -- and it says "Warden." If the
Judge will look at the signature, it's not "Harden." It's "Warden" on this one. 


 Therefore, we'd say that the identification purposes of the certification
is not correct on those as far as that being the same person.


 On State's Exhibit No. 6, I have basically the same objection as far as
Cause No. 12892 out of Grimes County, the 12th Judicial District. In that one,
there is no fingerprint. There is a partial little smudge . . . below the words
"right thumbprint." It is not of comparable value. Therefore, it could not be
compared to the end of State's Exhibit No. 6. The signature on State's Exhibit
No. 6 does have Frederick Cornell 'Harden" as not [sic] compared to State's
Exhibit No. 5, which has Frederick "Warden."


 Also, Your Honor, there's no certification on Cause No. 12892 out of
Grimes County stating that this is, in fact, a certified copy that was presented
to the penitentiary. It only has a "duplicate" stamp on it and some writing
down at the bottom which is not identifiable and cannot be testified to. The
judgment and sentence out of Jefferson County does not have a certification
on it either, and we would object to it on all those grounds. 


The trial court overruled defense counsel's objections and admitted State's Exhibits 5 and
6 into evidence. 

 On redirect examination, Rose testified that State's Exhibit 5 contains a judgment,
dated October 19, 1990, that adjudicated guilt in cause number 52046 from the 252nd
District Court of Jefferson County, Texas, for the offense of felony theft. In addition, Rose
testified that State's Exhibit 6 contains a judgment from the Criminal Judicial District Court
of Jefferson County, Texas, dated April 13, 1992, that indicates a conviction for felony theft.
Rose further testified that State's Exhibit 6 also contained a judgment from the 12th Judicial
District Court of Grimes County, Texas, dated April 4, 1994, that indicates a conviction for
the felony offense of escape. Rose explained that each pen packet contains its own set of
fingerprints, and that the prison system certified that the documents show Harden was
imprisoned for the offenses. The jury found the enhancement paragraphs true and assessed
punishment at confinement for thirty-two years. 

Issue One


 In his first issue, Harden contends the evidence supporting the enhancements was
legally and factually insufficient. In reviewing a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a rational trier of
fact could have found the essential elements of the offense beyond a reasonable doubt. 
Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). In reviewing a factual
sufficiency challenge, we view all of the evidence in a neutral light, and we will set aside the
verdict only if the conviction is clearly wrong or manifestly unjust because the great weight
and preponderance of the evidence contradicts the jury's verdict. Watson v. State, 204
S.W.3d 404, 414-17 (Tex. Crim. App. 2006). 

 "To establish that a defendant has been convicted of a prior offense, the State must
prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is
linked to that conviction. No specific document or mode of proof is required to prove these
two elements." Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) (footnote
omitted). The State need not produce a certified judgment to prove a defendant's prior
criminal record. Id. at 922. The State introduced documentary proof that contains sufficient
information to show both the existence of a prior conviction and the defendant's identity as
the person convicted. Id. at 921-22. A pen packet certified by the Texas Department of
Criminal Justice is self-authenticated for purposes of Rules 901 and 902 of the Texas Rules
of Evidence. Tex. Code Crim. Proc. Ann. art. 42.09, § 8(a), (b) (Vernon Supp. 2008); see
also Tex. R. Evid. 901, 902.

 In the case sub judice, the State introduced into evidence as Exhibits 5 and 6 pen
packets that were certified by the custodian of records from the Texas Department of
Criminal Justice--Correctional Institutions Division. Both exhibits 5 and 6 contained
fingerprints, and the State's fingerprint expert testified that he had compared those
fingerprints to the ones he took from Harden, and that all of the fingerprints belonged to
Harden. Exhibits 5 and 6 also contained copies of judgments reflecting two convictions for
felony theft. The first judgment was dated October 19, 1990, and the second judgment was
dated April 13, 1992. In addition, Rose testified that he had examined the photographs
contained in State's Exhibits 5 and 6, and that the photographs were of Harden. 

 After reviewing the record in the light most favorable to the trial court's ruling, we
conclude that a rational trier of fact could have found beyond a reasonable doubt that Harden
was the same person previously convicted as alleged in the enhancement paragraphs. See
Salinas, 163 S.W.3d at 737. In addition, after reviewing all of the evidence in a neutral light,
we cannot say that the verdict is clearly wrong or manifestly unjust because it is contradicted
by the great weight and preponderance of the evidence. See Watson, 204 S.W.3d at 414-17. 
Therefore, we overrule issue one.

Issue Two


 In his second issue, Harden argues that the trial court erred by admitting a pen packet
during the punishment phase that included a conviction that had been used during the
guilt/innocence phase. During the guilt/innocence phase, when the State offered State's
Exhibit 2, which contained the 2003 conviction for possession of a controlled substance,
defense counsel did not object. In addition, during the punishment phase, when the State
offered Exhibit 6, which also contained the 2003 conviction, defense counsel did not object
on the basis that Exhibit 6 contained a conviction duplicative of that in Exhibit 2. Harden's
trial objection does not comport with his issue on appeal. See Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002); Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996);
Elliot v. State, 56 S.W.3d 780, 781 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) (An
issue on appeal must comport with a proper trial objection.). Accordingly, we overrule issue
two.

Issue Three


 In his third issue, Harden asserts that the trial court erred by admitting the two pen
packets at punishment because they "are inadmissible and irrelevant as they contain nothing
to connect appellant to the alleged prior convictions." In our discussion of issue one, we
determined that legally and factually sufficient evidence, including the pen packets,
supported the jury's verdict on punishment. Additionally, the objections lodged by defense
counsel to the two pen packets at issue, State's Exhibits 5 and 6, do not comport with the
issue he now asserts on appeal. Counsel's trial objections focused on the lack of
certifications and fingerprints on the judgments themselves; however, counsel did not object
to the fingerprints or the photographs contained elsewhere in the pen packets and the
comparison of those fingerprints to the fingerprints Rose obtained from Harden. See Wilson,
71 S.W.3d at 349; Bell, 938 S.W.2d at 54; Elliot, 56 S.W.3d at 781. Therefore, we overrule
issue three and affirm the trial court's judgment.

 AFFIRMED. 

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on January 27, 2009

Opinion Delivered March 4, 2009

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.