**John HERNANDEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 818–00.**

Court of Criminal Appeals of Texas, En Banc.

July 2, 2003.

Stephanie L. Stevens, San Antonio, Julie B. Pollock, San Antonio, for Appellant.

Scott Roberts, Asst. Dist. Atty., San Antonio, for State.

## PER CURIAM.

The question is whether the trial court erred in a felony DWI case by denying the appellant's motion in limine to prevent the State from mentioning the nature of the prior DWI convictions that were alleged in the indictment, an offer that was coupled with his offer to stipulate to the validity of those allegations. The court of appeals held that the ruling was error.

This issue was unresolved in 1998, when the appellant was convicted. Since then we have addressed the issue in two cases. One was *Tamez v. State*,[1] in which we wrote:

> Appellant was arrested and indicted for the offense of driving while intoxicated ("DWI"). See TEX. PENAL CODE ANN. § 49.09(b). Section 49.09(b) provides that this offense is a third degree felony if the person has two prior DWI convictions. The indictment alleged that appellant had six such previous convictions.
>
> Before trial, appellant stated to the court that he would stipulate to two previous DWI convictions if the State would be foreclosed from mentioning his prior convictions in any way to the jury. The trial court refused. At the commencement of trial and over appellant's objection, the prosecutor read the indictment—including all six aforementioned convictions—to the jury. The State also introduced the six judgments against appellant into evidence during its case-in-chief, again over his objection. The jury convicted appellant of the charged offense and sentenced him to ten years confinement.[2]

We held that the trial court erred in denying Tamez's offer: "We find that the trial court erred in allowing the State to read each of the six convictions at the beginning of trial and to prove the six convictions during its case-in-chief."[3]

The facts in this case can be set out by making only a few changes to the language in our *Tamez* opinion:

> Appellant was arrested and indicted for the offense of driving while intoxicated ("DWI"). See TEX. PENAL CODE ANN. § 49.09(b). Section 49.09(b) pro-

---

**1.** 11 S.W.3d 198 (Tex.Cr.App.2000).

**2.** *Id.,* at 199.

**3.** *Id.,* at 203.

vides that this offense is a third degree felony if the person has two prior DWI convictions. The indictment alleged that appellant had [three] such previous convictions.

Before trial, appellant stated to the court that he would stipulate to [all three] previous DWI convictions if the State would be foreclosed from mentioning his prior convictions in any way to the jury. The trial court refused. At the commencement of trial and over appellant's objection, the prosecutor [would have] read the indictment—including all [three] aforementioned convictions—to the jury. The State [would have] also introduced the [three] judgments against appellant into evidence during its case-in-chief, again over his objection. The [appellant feared that the] jury [would have] convicted appellant of the charged offense and sentenced him to ten years confinement. [So he pleaded guilty, having preserved his right to appeal the trial court's ruling.]

This case being the same as *Tamez* in every relevant respect, the correct holding can be stated in the language of *Tamez* also: "We find that the trial court erred in allowing the State to read each of the [three] convictions at the beginning of trial and to prove the [three] convictions during its case-in-chief." The court of appeals followed *Tamez* and reached the same result:

> Because Hernandez filed a proper motion to stipulate to his previous DWI convictions used to elevate his offense from a misdemeanor to a felony, the trial court erred by denying his motion. *See Tamez*, at pp. 201–03. Therefore,

we sustain Hernandez's sole issue on appeal.[4]

We granted review to consider the State's contentions that the result should be different because (1) "the proposed stipulation was conditioned on the State's being barred from mentioning or referring to the prior DWI convictions before the jury," (2) "the proposed stipulation would prevent the State from reading the two jurisdictionally required DWI convictions to the jury in direct contravention of this court's opinion in *Tamez v. State*," and (3) "the motion was nothing more than an attempt to hide evidence from the jury."[5] We have already rejected each of these arguments in other cases.

The first argument is based on the fact that the appellant's proposed stipulation would have barred the State from mentioning or referring to the prior DWI convictions before the jury. This fact makes the appellant's proposed stipulation like the one in *Tamez*, in which (to repeat language that is quoted above) Tamez "stated to the court that he would stipulate to two previous DWI convictions if the State would be foreclosed from mentioning his prior convictions *in any way* to the jury."[6] The State's argument points to a similarity, not a difference, between the two cases.

The State's second argument, that "the proposed stipulation would prevent the State from reading the two jurisdictionally required DWI convictions to the jury in direct contravention of this court's opinion in *Tamez v. State*," is also without merit. In *Tamez*, we held that it was error to read more than two allegations of prior DWI convictions to the jury.[7] In this case,

4. *Hernandez v. State*, 18 S.W.3d 699, 701 (Tex.App.-San Antonio 2000).

5. State's Pet. at 2–3.

6. *Tamez*, 11 S.W.3d at 199 (emphasis added).

7. *Id.*, at 202.

the proposed stipulation would have prevented the State from reading allegations of three prior DWI convictions to the jury. Therefore, the stipulation would have complied with—not contravened—the holding in *Tamez*.

The third argument, that the motion was nothing more than an attempt to hide evidence from the jury, was rejected recently in *Robles v. State*.[8]

> The State argues that proof of the prior convictions is necessary. Proof of the convictions is necessary in that the prior convictions are elements of felony DWI. Tex. Penal Code § 49.09(b). But evidence of the convictions' existence is not necessary if the accused stipulates to their existence because the statutory requirement has been satisfied. The admission of evidence of prior convictions is error, even though they are jurisdictional elements of the offense, because the danger of unfair prejudice from introduction of the evidence substantially outweighs its probative value.[9]

The State argues that the law of evidence requires that a stipulation be made before the jury or entered into evidence. But the appellant's motion did not prevent that procedure. It "agree[d] to stipulate and/or judicially confess in writing to the validity and/or truth" of the allegations of prior convictions, because "[a]fter stipulation to the priors, the State's mentioning or referring to the name and/or nature of prior DWI convictions would cause extreme prejudice and unfairness to the Defendant. The probative value of any other type evidence in regard to the alleged prior convictions would. be outweighed by the risk of prejudice, *see*, R. 403, Tex.R. Evid. . . ." That is what we held in *Robles*:

> In a Rule 403 analysis, the trial court weighs the probative value of the evidence against the danger of unfair prejudice. The evidence the State would have introduced was not relevant to any contested issue in the case. In the absence of a stipulation, judgments from prior convictions would be relevant to show the existence of those prior convictions. The stipulation would have diminished the probative value of the prior convictions, however, because the same information would have been admitted in an alternate form. The appellant's offer to stipulate removed from contention the existence of the prior convictions.

> The risk of unfair prejudice from the evidence would have been great because the judgments contained information that was not relevant in the guilt-innocence phase of the trial. Each judgment contained a notation that it was a DWI-third offense. Also, the judgments contained the sentences that were imposed in each case. Therefore, a jury could have gleaned, during the guilt-innocence phase, that the DWI charged here was the appellant's fifth alcohol-related offense and that the appellant had not served his full term for his last prior conviction. That kind of evidence is prejudicial and possesses no probative value.

> Admitting evidence of prior convictions and other bad acts is generally prohibited during the guilt-innocence phase. The policy, embodied in Rule 404(b) and the bifurcated trial procedure, Tex.Code Crim. Proc. art. 37.07 § 2(a), addresses our concern that conviction not be based on the assumption that the accused is a criminal generally or that he is a person of bad character.

> We undermine the efficacy of these safeguards if we allow the admission of

---

8.  85 S.W.3d 211 (Tex.Cr.App.2002).

9.  *Id.*, at 213–14 (footnote omitted).

judgments when the accused offers to stipulate to the required convictions' existence, and we enable the State to do what we prohibited in *Tamez:* tell the jury that the accused has many prior alcohol-related convictions. When the accused offers to stipulate that the jurisdictional convictions exist, the probative value of evidence of the same convictions is substantially outweighed by the danger of unfair prejudice.[10]

The appellant's stipulation would have placed the prior convictions into evidence, making the jury aware of their existence. This would have satisfied the evidentiary requirements regarding stipulations while avoiding the unfair prejudice that would accompany further mention of the convictions.

The trial court erred in overruling the appellant's motion to stipulate, and the court of appeals was correct in its judgment reversing the trial court's ruling. We affirm.

COCHRAN, J., concurred in the judgment.

KEASLER, J., dissented.

HERVEY, J., did not participate in the consideration or decision of the case.

---

**10.** *Id.,* at 212–13 (footnotes omitted).