11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Carl Lamont Spencer

Appellant

Vs.                   No. 11-02-00306-CR -- Appeal
from Dallas County

State of Texas

Appellee

 

The jury
convicted Carl Lamont Spencer of the offense of theft, found both enhancement
allegations to be true, and assessed punishment at confinement for 20 years and
a $10,000 fine.  We affirm.  

Appellant
presents six issues for review.  In the
first issue, he challenges the factual sufficiency of the evidence regarding
identity.  In order to determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting guilt is so weak as
to render the conviction clearly wrong and manifestly unjust or whether the
evidence supporting guilt, although adequate when taken alone, is so greatly
outweighed by the overwhelming weight of contrary evidence as to render the
conviction clearly wrong and manifestly unjust.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23
S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  








The record
shows that, around 8:30 a.m. on April 3, 2002, a “dock plate” was stolen from
PAD Discount, a carpet company.  Gerardo
Gallo, an employee of the company, witnessed the theft.  Gallo saw a man take the dock plate (an
aluminum ramp used to load big trucks) and place the dock plate in the trunk of
his car.  Gallo testified that he got a
good look at the thief and that he wrote down the license plate number of the
car.  The police were contacted, and
Gallo gave them the license plate number. 
Later that day, Gallo=s boss retrieved the stolen dock plate from a scrap yard.  Gallo subsequently picked appellant=s picture out of a photo lineup and
positively identified appellant as the man whom he had seen take the dock
plate.  During the trial, however, Gallo
was not able to make an in-court identification of appellant as the thief.

An
employee of the scrap yard, Ulysses Flores, testified that appellant was a
customer from whom he had purchased items in the past.  Flores testified that, at about 9:15 a.m. on
April 3, 2002, he purchased an aluminum dock plate from appellant and a man
named Robert Foster.  As required by
law, Flores obtained and photocopied a valid identification card from the seller
and recorded the seller=s license plate number and the date of the purchase.  Although the invoice in question showed that
the dock plate was purchased from Foster, Flores recalled that appellant did
not have his identification with him that day. 
According to Flores, the car that appellant and Foster came in was the
same car that appellant had driven to the scrap yard in the past.  

Detective
Thomas Seymour testified that he located the stolen dock plate at the scrap
yard and notified PAD Discount.  After
speaking with Gallo and Flores, Detective Seymour ran the license plate number
and learned that the car was registered to appellant.  Detective Seymour learned from Flores that appellant was with
Foster when the dock plate was sold to the scrap yard.  Detective Seymour subsequently prepared a
photo lineup for Gallo to view.  Gallo
picked appellant=s picture out of the lineup and identified
him as the person whom Gallo saw taking the dock plate.  Detective Seymour further testified that
appellant looked much different on the date of the offense than he looked at
trial.  

We hold
that the evidence is factually sufficient to show that appellant was the person
who stole the dock plate from PAD Discount. 
The evidence supporting appellant=s conviction is neither so weak nor so outweighed by the overwhelming
weight of contrary evidence as to render the conviction clearly wrong and
manifestly unjust.  Appellant=s first issue is overruled.  








In the
second issue, appellant argues that the trial court erred in allowing two prior
theft convictions to be referred to or admitted into evidence even though
appellant had agreed to stipulate to those convictions.  Appellant was charged with theft of property
valued at less than $1,500 and with having previously been convicted of two
prior theft offenses.  See TEX.
PENAL CODE ANN. ' 31.03 (Vernon 2003).  Pursuant to Section 31.03(e)(4)(D), a theft
offense is a state jail felony if the value of the property is less than $1,500
and the defendant has two or more prior theft convictions.  Thus, the two prior theft convictions are
jurisdictional elements of the offense. 
See Tamez v. State, 11 S.W.3d 198, 201 (Tex.Cr.App.2000); Turner
v. State, 636 S.W.2d 189, 196 (Tex.Cr.App.1980).  

When a
defendant agrees to stipulate to prior convictions that constitute
jurisdictional elements of the charged offense, the State may not present
evidence of those convictions during its case-in-chief.  Hernandez v. State, 109 S.W.3d 491
(Tex.Cr.App.2003); Robles v. State, 85 S.W.3d 211, 212-14
(Tex.Cr.App.2002); Tamez v. State, supra at 202.  The State is permitted, however, to read the
indictment at the beginning of trial, including the prior convictions that are
jurisdictional only; to introduce the stipulation into evidence; and to address
the prior jurisdictional convictions in a legitimate manner during voir dire,
opening statements, and closing arguments. 
Hollen v. State, No. 1592-02, 2003 WL 22091387, at *3
(Tex.Cr.App. Sept. 10, 2003); Tamez v. State, supra at 202.








In this
case, appellant filed a motion offering to stipulate to the jurisdictional
prior convictions and requesting that the trial court “preclude the [S]tate
from mentioning or referring to the name or nature of the prior convictions.”  The trial court denied appellant=s motion and subsequently permitted the State
during the guilt/innocence phase of trial to introduce evidence of the two
prior theft convictions.  The State
contends that the trial court properly denied appellant=s offer to stipulate because appellant=s request for relief was overly broad -- it
included language attempting to preclude the State from any mention of the
prior convictions.  However, the
defendants= proposed stipulations in Hernandez
and Tamez were also overly broad; those proposed stipulations would have
barred the State “from mentioning” the prior convictions to the jury.  Hernandez v. State, supra at
493.  The court in Hernandez
specifically rejected the State=s contentions that “the proposed stipulation was conditioned on the
State=s being barred from mentioning or referring
to the prior DWI convictions before the jury” and that “the proposed
stipulation would prevent the State from reading the two jurisdictionally
required DWI convictions to the jury in direct contravention of [the] court=s opinion in Tamez.”  Hernandez v. State, supra at
493.  Contra Elliot v . State, 56
S.W.3d 780, 781-82 (Tex.App. - Houston [14th Dist.] 2001, pet=n ref=d)(holding that, because a similar proposed stipulation was overly
broad, the trial court did not err in rejecting it).  Following Hernandez and Tamez, we must reject the
State=s contention and hold that the trial court
erred in allowing evidence of the two prior theft convictions to be introduced
during the guilt/innocence phase of trial. 


We find,
however, that the error was harmless under the facts of this case.  Under TEX.R.APP.P. 44.2(b), any
non-constitutional error “that does not affect substantial rights must be
disregarded.”  A substantial right is
affected when an error has a substantial and injurious effect or influence on
the jury=s verdict. 
King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App.1997)(citing Kotteakos
v. United States, 328 U.S. 750 (1946)). 
In Motilla v. State, 78 S.W.3d 352, 355-56 (Tex.Cr.App.2002), the
court set out the following standard for appellate courts to use when
conducting a Rule 44.2(b) analysis:  

[S]ubstantial rights are not affected by the
erroneous admission of evidence “if the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the
jury, or had but a slight effect.  In
assessing the likelihood that the jury=s decision was adversely affected by the error, the appellate court
should consider everything in the record, including any testimony or physical
evidence admitted for the jury=s consideration, the nature of the evidence supporting the verdict, the
character of the alleged error and how it might be considered in connection
with other evidence in the case.  The
reviewing court may also consider the jury instructions, the State=s theory and any defensive theories, closing
arguments and even voir dire, if applicable. 
We have also recognized that whether the State emphasized the error can
be a factor.  (Footnoted citations omitted)


 

The record
in this case shows that evidence of only two prior theft convictions was
introduced during the guilt/innocence phase of trial.  One exhibit included a redacted pen packet that contained a
judgment for theft of property valued between $200 and $10,000.  The only evidence of the other theft
conviction was a docket sheet that substituted for a judgment in a misdemeanor
theft case.  The evidence of the prior
convictions was not emphasized by the State. 
Moreover, a stipulation showing that appellant had been convicted of two
prior theft offenses would have been admissible evidence under Hollen.  

We note
that, when it admitted these exhibits into evidence, the trial court instructed
the jury as follows:  

[T]hese are being admitted for you to consider
only for jurisdictional purposes.  You=re not consider (sic) them to determine
whether or not the defendant has acted in conformity in this case with his past
behavior. 

 








We also note that the
evidence of appellant=s
guilt, as detailed in the first issue, was strong.  Under the facts of this case, we find that the error had no more
than a slight effect on the jury and, therefore, is not reversible error.  Appellant=s second issue is overruled.  

In the
third, fourth, and fifth issues, appellant complains of the introduction of
evidence showing that he had sold other dock plates to the scrap yard.  Specifically, appellant argues that such
evidence was not relevant, that it constituted inadmissible evidence of an
extraneous offense, and that the probative value of the evidence was
substantially outweighed by the danger of unfair prejudice.  

To be
admissible, evidence must be relevant. 
TEX.R.EVID. 401 & 402. 
Evidence of other crimes, wrongs, or bad acts is not admissible to show
character conformity but may be admissible for other purposes, such as
establishing an elemental fact, establishing an evidentiary fact that leads to
an elemental fact, or rebutting a defensive theory.  TEX.R.EVID. 404(b); Montgomery v. State, 810 S.W.2d 372,
387-88 (Tex.Cr.App.1991).  Further,
although relevant and admissible under Rule 404(b), evidence may still be
inadmissible under TEX.R.EVID. 403. 
When performing a Rule 403 balancing test, a trial court must determine
if the probative value of the evidence is substantially outweighed by the
danger of unfair prejudice.  Montgomery
v. State, supra at 389.  In
making this determination, the trial court should consider the following:  (1) whether the ultimate issue was seriously
contested by the opponent of the evidence; (2) whether the State had other
convincing evidence to establish the ultimate issue to which the disputed
evidence was relevant; (3) the compelling nature, or lack thereof, of the
evidence; and (4) the likelihood that the evidence was of such a nature as to
impair the effectiveness of a limiting instruction.  Taylor v. State, 920 S.W.2d 319, 322 (Tex.Cr.App.), cert. den=d, 519 U.S.
951 (1996); Montgomery v. State, supra at 392-93.  We will reverse the trial court=s decision
only upon a showing of a clear abuse of discretion.  Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Cr.App.2000); Ransom
v. State, 920 S.W.2d 288, 299 (Tex.Cr.App.), cert. den=d, 519 U.S. 1030 (1996); Montgomery v.
State, supra at 390.








The record
in this case reflects that Flores testified over objection that appellant had
sold various items to the scrap yard approximately 15 times over a period of 6
to 7 months and that three of these transactions involved a dock plate, which “is
[a] little odd” for an individual to sell. 
According to Flores, dock plates are usually purchased from major
companies.  On redirect, Flores
testified that he had also purchased a dock plate from appellant the day before
the offense occurred in this case.  

We hold
that the trial court did not abuse its discretion by admitting Flores=s testimony over appellant=s objections.  The evidence was clearly relevant to the issue of appellant=s identity and the credibility of Flores=s identification of appellant.  The testimony was admissible for the purpose
of showing that appellant, rather than Foster, was the person who sold the dock
plate at issue in this case to the scrap yard. 
The issue of identity was contested by appellant, and Flores=s testimony about the other dock plates
tended to show that appellant committed the instant offense.  “Identity” is one of the purposes
specifically listed in Rule 404(b) for which extraneous offense evidence may be
admitted.  We note that no evidence was
introduced during the guilt/innocence phase of trial showing that the other
transactions actually involved stolen items or that appellant had stolen those
items.  Furthermore, we cannot say that
the trial court abused its discretion by determining that the testimony was not
unfairly prejudicial under Rule 403. 
The third, fourth, and fifth issues are overruled.  








In his
final issue, appellant contends that he was denied his right under the Sixth
and Fourteenth Amendments[1]
to have a jury selected from a fair cross-section of the community.  The record shows that appellant timely filed
a motion to quash the jury panel and that, before the venire panel was
qualified and voir dire commenced, appellant=s attorney noted for the record that she had filed a motion to quash
the panel.  Appellant=s attorney requested that the trial court “allow
[her] to present evidence on that motion at the conclusion of the trial.”  The trial court agreed and subsequently
permitted appellant to present evidence during a hearing on the motion to quash
that was conducted after appellant had been sentenced.  At the conclusion of the hearing, the trial
court denied appellant=s
motion and noted that appellant had “preserved [his] objection for appeal.”[2]  In the motion, appellant contended that the
method of choosing and summoning venire panels in Dallas County is clearly
discriminatory and that minorities, particularly Hispanics, are
disproportionately underrepresented in jury pools.  

The
Supreme Court set out the following standard:

In order to establish a prima facie violation
of the fair‑cross‑section requirement, the defendant must show (1)
that the group alleged to be excluded is a Adistinctive@ group
in the community; (2) that the representation of this group in venires from
which juries are selected is not fair and reasonable in relation to the number
of such persons in the community; and (3) that this underrepresentation is due
to systematic exclusion of the group in the jury‑selection process. 

 

Duren v. Missouri, 439 U.S. 357, 364 (1979).  

Testimony
of the jury services manager for Dallas County from a similar hearing in a
different case was introduced as an exhibit at the hearing.  According to the jury services manager, the
Secretary of State creates Dallas County=s jury wheel from the list of Dallas County residents that are either
registered to vote or have a Texas driver=s license or identification card. 
Names of prospective jurors are randomly pulled off the jury wheel, and
those people are sent a summons.  Generally,
however, only about 20 percent of those summoned actually report for jury
service.  

Appellant
also introduced into evidence a newspaper article about a study regarding the
racial makeup of Dallas County juries and the affidavit of the reporter who
conducted the study.  The article
reported that about 25 percent of Dallas County residents are Hispanic.  According to the study, the group of people
sent a jury summons “closely resembled the adult population of Dallas County.”  The study showed, however, that only 7
percent of those reporting for jury service were Hispanic.  Appellant further introduced the study=s supporting documentation, a census report,
a list of all the jurors who were summoned for the week of appellant=s trial, a copy of the juror information
cards of those persons who actually reported for jury duty during that week,
and a list of Hispanics who reported for jury duty that week.  








We hold
that appellant failed to meet the third prong of the Duren test.  Unlike the defendant in Duren,
appellant did not show that the underrepresentation of Hispanics in jury pools was
systematic‑‑that is, inherent in the particular jury‑selection
process utilized.  Duren v. Missouri,
supra at 366.  In Duren, the defendant showed that women were
underrepresented in jury pools in large part because of an automatic exemption
that was authorized by statute.  In this
case, appellant merely showed that a disproportionate number of Hispanics
failed to report for jury service.  Some
of the people who failed to report for jury service were contacted for the
study and were asked to answer a survey. 
Only 41 of those polled were Hispanic, and they gave a variety of
answers in response to a question regarding the reason they failed to
report.  Appellant failed to show that
the underrepresentation was caused by a systematic exclusion of Hispanics in
the jury‑selection process.  See
Hernandez v. State, 24 S.W.3d 846, 849‑51 (Tex.App. ‑ El Paso
2000, pet=n ref=d).  Appellant=s sixth issue is overruled. 

The
judgment of the trial court is affirmed. 


 

W. G.
ARNOT, III

CHIEF
JUSTICE 

 

September 26, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J. 











[1]U.S. CONST. amends. VI and XIV.





[2]Although the State asserts that appellant waived this
issue by failing to timely offer evidence in support of the motion, we will
assume, without deciding, that the issue was preserved by appellant=s timely filed motion and the trial court=s actions thereon.