IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0672-04






CLARENCE R. BRYANT, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BOSQUE COUNTY





 Johnson, J., filed a concurring opinion.


C O N C U R R I N G O P I N I O N



 As set out in the opinion of the Court, a stipulation is a substitute for evidence and has the
effect of relieving one party of the burden of proving the facts stipulated to and bars the other party
from challenging the truth of the matters covered by the stipulation. Slip op. at 6-8. I concur in the
judgment of the Court. I write separately because I believe that the Court should answer the state's
second ground for review.

 We have said that a stipulation which confessed the jurisdictional prior convictions may be
admitted into evidence and published to the jury. Hollen v. State, 117 S.W.3d 798, 802 (Tex. Crim.
App. 2003). We have also held that, if the defendant stipulates to the jurisdictional prior convictions,
the state not only does not have to present evidence of those prior convictions during the guilt phase
of trial, it is barred from doing so. Robles v. State, 85 S.W.3d 211, 212 (Tex. Crim. App.
2002)("The evidence the State would have introduced was not relevant to any contested issue in the
case."). See also, Hernandez v. State, 109 S.W.3d 491 (Tex. Crim. App. 2003). However, a
stipulation as to some elements of an offense does not relieve the state of the burden of proving the
remaining elements.

 I am troubled by any suggestion that the stipulation does not have to be a part of the record. 
Because the stipulation relieves the state of proving some of the elements of an offense, which
elements must be proved, and which need not be, must be discernable. If the stipulation is not
available to the trial court, it may be put into a position in which it is asked to rule on admissibility
of evidence without having sufficient knowledge to rule correctly. Without some record of the
stipulation, the appellate court could not even say that there was a stipulation, and without a record
of the substance of a stipulation, it could not resolve a dispute about the scope of the stipulation,
could not determine what was stipulated to, and consequently, could not determine whether the state
has sufficiently proven the offense. Without a record of the substance of the stipulation, the state
may be held to have failed to prove every element of the offense, and the defendant may be held to
have conceded more than was intended and agreed to.

 This issue is raised in the state's second ground: whether the stipulation had to be admitted
into evidence to be effective. This question needs to be answered before we address the state's first
issue: whether appellant is barred from raising sufficiency of the evidence because of his stipulation. 
If the stipulation must be admitted to be effective and it was not admitted, appellant would not be
barred from raising the issue of insufficient evidence. I would answer that the substance of the
stipulation must be somewhere in the record. In a criminal case, this requirement may be met by:
the admission into evidence of the written stipulation, signed by the defendant himself; a record of
an oral recitation of the substance of the written stipulation; or some other means of setting out the
terms of the stipulation in sufficient detail that a trial court has enough information to rule on
motions and objections and a reviewing court is able to resolve any complaints about sufficiency of
the state's evidence as to a particular element of the offense.

 In this case, the written stipulation was not admitted into evidence, but the substance of the
stipulation is found in the reporter's record. Slip op. at 2-4. For that reason, I concur in the
judgment of the Court.

 Johnson, J.

Filed: April 6, 2005

Publish