NUMBER 13-03-534-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ROBERT RAY ORMAND,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 36th District Court
of Aransas County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         Appellant, Robert Ray Ormand, was indicted on the charge of felony driving
while intoxicated (DWI). See Tex. Pen. Code Ann. § 49.04 (Vernon 2003); id. § 49.09
(Vernon Supp. 2004-2005). A jury found appellant guilty, and the trial court assessed
punishment at ten years in the Texas Department of Criminal Justice–Institutional
Division. The trial court has certified that this is not a plea bargain case, and appellant
has the right of appeal. See Tex. R. App. P. 25.2. By one issue, appellant complains
that the trial court erred by allowing the State to read his two prior DWI convictions
to the jury and to place information concerning the convictions in the charge after
appellant had stipulated to the convictions.


 We affirm.
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
I. Background
         Appellant was indicted for felony DWI. The indictment included allegations of
two prior DWI convictions. Before trial, appellant stipulated to the two prior
convictions. The court accepted and approved appellant’s stipulation and made it a
part of the record. At trial, the State read the indictment to the jury. The indictment
included an enhancement paragraph which set out appellant’s two prior DWI
convictions. Defendant pleaded not guilty to the charge and answered true to the two
prior DWI convictions.


 The State admitted no evidence and made no reference to the
prior convictions during its case-in-chief.


 The charge in this case referred to the prior
convictions in its phrasing of the elements of the offense and in its limiting
instructions.



II. Analysis
         Appellant stipulated to his two prior convictions. See Bryant v. State, No. PD-672-04, 2005 Tex. Crim. App. LEXIS 517, at *7-*8 (Tex. Crim. App. April 6, 2005)
(holding that a “stipulation is a kind of judicial admission” and when not admitted
needs no evidence from party benefitting by admission) (citations omitted); Hernandez
v. State, 109 S.W.3d 491, 493 (Tex. Crim. App. 2003) (en banc) (finding trial court
erred in denying appellant's stipulation to three previous DWI convictions and in dicta
explaining that "[t]he appellant's stipulation would have placed the prior convictions
into evidence, making the jury aware of their existence."); Hollen v. State, 117 S.W.3d
798, 802 (Tex. Crim. App. 2003) (holding stipulation which confessed jurisdictional
prior convictions and which is a "form of evidence" may be admitted and published to
jury). The trial court did not err by allowing the State to read the enhancement
paragraph in the indictment to the jury. See Tamez v. State, 11 S.W.3d 198, 202-03
(Tex. Crim. App. 2000) (concluding if defendant offers to stipulate to prior convictions
necessary to confer jurisdiction, two prior convictions but no more can be included in
reading of indictment to jury). Moreover, because the stipulation had placed the
convictions into evidence and because the enhancement paragraph had been read to
the jury, it was not error to place information concerning the convictions in the charge. 
See Hollen v. State, 117 S.W.3d 798, 802 (Tex. Crim. App. 2003) (holding no error
for including prior convictions in jury instructions when two prior convictions had been
validly mentioned in indictment and introduced into evidence via stipulation). We
overrule appellant's sole issue on appeal.III. Conclusion
         Accordingly, the judgment of the trial court is affirmed.                                                                                         
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 9th day of June, 2005.