IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,021-01






EX PARTE DAVID LLOYD LEBLANC, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 8792 IN THE 355TH DISTRICT COURT


FROM HOOD COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated, subsequent offense, and sentenced to twenty (20) years' imprisonment. The Second
Court of Appeals affirmed his conviction. LeBlanc v. State, No. 2-03-508-CR (Tex. App. - Fort
Worth, August 31, 2005, no pet.).

 Applicant contends that his trial counsel rendered ineffective assistance because despite the
entry of a stipulation to two prior offenses alleged for jurisdiction, counsel failed to object to
testimony and evidence of Applicant's prior offenses, and the prosecutor's references to such
offenses, at the guilt phase.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide applicant's trial counsel with the opportunity to respond to applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel failed to object to testimony
and evidence of Applicant's prior offenses, and the prosecutor's references to such offenses, at the
guilt phase. See Hernandez v. State, 109 S.W.3d 491 (Tex. Crim. App. 2003). The court shall make
findings as to whether the performance of applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: July 26, 2006

Do not publish