IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,318-02






EX PARTE MICHAEL EDWIN MIETH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-99-1000-CWHC2 IN THE 211TH DISTRICT COURT


FROM DENTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated, subsequent offense, and sentenced to twenty-five (25) years' imprisonment. The Second
Court of Appeals affirmed his conviction. Mieth v. State, No. 2-05-121-CR (Tex. App. - Fort
Worth, March 9, 2006, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel failed
to object to evidence of Applicant's prior offenses at the guilt phase. Specifically, counsel did not
object to the admission of the portion of the videotape that informed the jury of Applicant's prior
arrests, convictions, and sentences.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide applicant's trial counsel with the opportunity to respond to applicant's claim of
ineffective assistance of counsel. The State shall also be given notice and an opportunity to respond. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel failed to object to evidence
of Applicant's prior offenses at the guilt phase. See Hernandez v. State, 109 S.W.3d 491 (Tex. Crim.
App. 2003). The court shall make findings as to whether the performance of applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: March 14, 2007

Do not publish