# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00277-CR

**Raul Vazquez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-DC-07-204787, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Raul Vazquez guilty of causing bodily injury to a family member, subsequent offense. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2008). The court assessed his punishment at imprisonment for ten years and a $5000 fine, but suspended imposition of sentence and placed appellant on community supervision. In a single issue, appellant contends that his trial counsel rendered ineffective assistance. We overrule this contention and affirm the judgment of conviction.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). In reviewing a claim of ineffective assistance, we must indulge a strong

presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Appellant asserts that his trial attorney was ineffective with regard to his handling of appellant's previous conviction for family violence assault. The penal code provides that a bodily injury assault, which is ordinarily a class A misdemeanor, is a third degree felony if the person assaulted is a member of the defendant's family and the defendant has a previous conviction for assaulting a family member. Tex. Penal Code Ann. § 22.01(b)(2). Relying on opinions arising out of prosecutions for felony driving while intoxicated, appellant argues that his lawyer should have offered to stipulate to the previous conviction in order to preclude the State from introducing evidence of that conviction at the guilt-innocence stage. *See Hernandez v. State*, 109 S.W.3d 491, 493 (Tex. Crim. App. 2003); *Robles v. State*, 85 S.W.3d 211, 213-14 (Tex. Crim. App. 2002); *Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). Alternatively, appellant argues that his attorney should have asked for a limiting instruction when evidence of the conviction was admitted at the guilt-innocence stage. *See Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996).[1]

---

[1] This case was tried on the assumption, shared by the trial court and both parties, that the previous family violence assault conviction was a jurisdictional element that had to be proved by the State at the guilt-innocence stage of the trial. At least one court of appeals has so held. *See Sheppard v. State*, 5 S.W.3d 338, 340 (Tex. App.—Texarkana 1999, no pet.). Another court of appeals has held, to the contrary, that the previous family assault conviction is not jurisdictional, but is merely a sentence enhancement. *See State v. Cagle*, 77 S.W.3d 344, 346 n.2 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). For the purpose of this opinion, we will assume that the previous conviction was jurisdictional.

The indictment alleged that on August 13, 2007, appellant caused bodily injury to Noemi Vazquez, a member of his family, by pushing her with his hand, and that on July 27, 2006, appellant had been convicted of family violence assault in cause number 628383 in the County Court at Law No. 4 of Travis County. On the first day of trial, the State moved to amend the indictment to change the date of the previous conviction to September 25, 2003.[2] Appellant objected to the motion, and the State later withdrew it. Counsel was then asked if he was going to stipulate to the previous conviction. Counsel replied, "I would think, Your Honor, given the indictment as it reads, we probably would not stipulate at this point. I would ask that the State prove it up." During the same discussion, the court instructed the prosecutors that they were not to use the previous conviction to argue "character conformity."

During the guilt-innocence stage, the September 25, 2003, judgment of conviction in cause number 628383 was introduced in evidence after a fingerprint comparison established that appellant was the person convicted in that cause. Introduced with the judgment was the July 27, 2006, order revoking probation. At defense counsel's request, the revocation order was redacted to delete the grounds for revocation. During final arguments to the jury, the prosecutors explained the discrepancy between the pleading and the proof regarding the date of the previous conviction and urged that it was irrelevant to appellant's guilt. Defense counsel argued, to the contrary, that "they made a mistake and they are trying to clean up their mistake by throwing in that date and telling you, you know what, July 27th, 2006, is okay." Counsel urged that the State had

---

[2] The date alleged in the indictment was in fact the date appellant's probation had been revoked in the previous cause.

failed to prove the indictment's allegations beyond a reasonable doubt. In its charge, the court authorized appellant's conviction for the lesser included offense of misdemeanor assault if the jury believed that the State had failed to prove the previous family violence conviction.

It is clear from the record that defense counsel's failure to stipulate to the previous family violence conviction was a calculated trial strategy. A stipulation would have relieved the State of its burden of proving the previous conviction, and the defense would have been unable to argue in opposition to the stipulation. *See Martin v. State*, 200 S.W.3d 635, 640 (Tex. Crim. App. 2006). By requiring the State to prove its allegation, counsel reserved the right to challenge the sufficiency of that proof and to argue that appellant should be acquitted of the charged offense. A stipulation would not have prevented the jury from learning about the previous conviction at the guilt-innocence stage. The State would still have been permitted to read the full indictment to the jury, including the allegation regarding the previous conviction, and the jury charge would have referred to the defendant's stipulation and its legal effect. *See id*. at 640-41. As it was, the only significant facts regarding the previous conviction that the jury would not have known had the conviction been stipulated were that appellant had received probation and that the probation had been revoked (although the jury did not learn why).

Appellant has not demonstrated that his trial counsel's strategy regarding the previous conviction was outside the broad range of reasonable effective assistance. Moreover, appellant has not shown that the outcome of the trial would have been different had counsel chosen a different strategy, or had counsel requested a limiting instruction.

The issue is overruled, and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   January 27, 2009

Do Not Publish