TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00277-CR







Raul Vazquez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. D-1-DC-07-204787, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Raul Vazquez guilty of causing bodily injury to a family
member, subsequent offense. See Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2008). 
The court assessed his punishment at imprisonment for ten years and a $5000 fine, but suspended
imposition of sentence and placed appellant on community supervision. In a single issue, appellant
contends that his trial counsel rendered ineffective assistance. We overrule this contention and
affirm the judgment of conviction.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that
counsel made such serious errors that he was not functioning effectively as counsel and that these
errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72
(Tex. Crim. App. 1999). In reviewing a claim of ineffective assistance, we must indulge a strong
presumption that counsel's conduct fell within the wide range of reasonable professional assistance. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any
allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). 

Appellant asserts that his trial attorney was ineffective with regard to his handling of
appellant's previous conviction for family violence assault. The penal code provides that a bodily
injury assault, which is ordinarily a class A misdemeanor, is a third degree felony if the person
assaulted is a member of the defendant's family and the defendant has a previous conviction for
assaulting a family member. Tex. Penal Code Ann. § 22.01(b)(2). Relying on opinions arising out
of prosecutions for felony driving while intoxicated, appellant argues that his lawyer should have
offered to stipulate to the previous conviction in order to preclude the State from introducing
evidence of that conviction at the guilt-innocence stage. See Hernandez v. State, 109 S.W.3d 491,
493 (Tex. Crim. App. 2003); Robles v. State, 85 S.W.3d 211, 213-14 (Tex. Crim. App. 2002); Tamez
v. State, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). Alternatively, appellant argues that his
attorney should have asked for a limiting instruction when evidence of the conviction was admitted
at the guilt-innocence stage. See Rankin v. State, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996). (1)


The indictment alleged that on August 13, 2007, appellant caused bodily injury to
Noemi Vazquez, a member of his family, by pushing her with his hand, and that on July 27, 2006,
appellant had been convicted of family violence assault in cause number 628383 in the County Court
at Law No. 4 of Travis County. On the first day of trial, the State moved to amend the indictment
to change the date of the previous conviction to September 25, 2003. (2) Appellant objected to the
motion, and the State later withdrew it. Counsel was then asked if he was going to stipulate to the
previous conviction. Counsel replied, "I would think, Your Honor, given the indictment as it reads,
we probably would not stipulate at this point. I would ask that the State prove it up." During the
same discussion, the court instructed the prosecutors that they were not to use the previous
conviction to argue "character conformity."

During the guilt-innocence stage, the September 25, 2003, judgment of conviction
in cause number 628383 was introduced in evidence after a fingerprint comparison established that
appellant was the person convicted in that cause. Introduced with the judgment was the
July 27, 2006, order revoking probation. At defense counsel's request, the revocation order was
redacted to delete the grounds for revocation. During final arguments to the jury, the prosecutors
explained the discrepancy between the pleading and the proof regarding the date of the previous
conviction and urged that it was irrelevant to appellant's guilt. Defense counsel argued, to the
contrary, that "they made a mistake and they are trying to clean up their mistake by throwing in that
date and telling you, you know what, July 27th, 2006, is okay." Counsel urged that the State had
failed to prove the indictment's allegations beyond a reasonable doubt. In its charge, the court
authorized appellant's conviction for the lesser included offense of misdemeanor assault if the jury
believed that the State had failed to prove the previous family violence conviction. 

It is clear from the record that defense counsel's failure to stipulate to the previous
family violence conviction was a calculated trial strategy. A stipulation would have relieved the
State of its burden of proving the previous conviction, and the defense would have been unable to
argue in opposition to the stipulation. See Martin v. State, 200 S.W.3d 635, 640 (Tex. Crim.
App. 2006). By requiring the State to prove its allegation, counsel reserved the right to challenge
the sufficiency of that proof and to argue that appellant should be acquitted of the charged offense. 
A stipulation would not have prevented the jury from learning about the previous conviction at the
guilt-innocence stage. The State would still have been permitted to read the full indictment to the
jury, including the allegation regarding the previous conviction, and the jury charge would have
referred to the defendant's stipulation and its legal effect. See id. at 640-41. As it was, the only
significant facts regarding the previous conviction that the jury would not have known had the
conviction been stipulated were that appellant had received probation and that the probation had
been revoked (although the jury did not learn why).

Appellant has not demonstrated that his trial counsel's strategy regarding the previous
conviction was outside the broad range of reasonable effective assistance. Moreover, appellant has
not shown that the outcome of the trial would have been different had counsel chosen a different
strategy, or had counsel requested a limiting instruction.

The issue is overruled, and the judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: January 27, 2009

Do Not Publish
1. This case was tried on the assumption, shared by the trial court and both parties, that the
previous family violence assault conviction was a jurisdictional element that had to be proved by the
State at the guilt-innocence stage of the trial. At least one court of appeals has so held. 
See Sheppard v. State, 5 S.W.3d 338, 340 (Tex. App.--Texarkana 1999, no pet.). Another court of
appeals has held, to the contrary, that the previous family assault conviction is not jurisdictional, but
is merely a sentence enhancement. See State v. Cagle, 77 S.W.3d 344, 346 n.2 (Tex. App.--Houston
[14th Dist.] 2002, pet. ref'd). For the purpose of this opinion, we will assume that the previous
conviction was jurisdictional.
2. The date alleged in the indictment was in fact the date appellant's probation had been revoked
in the previous cause.