

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,764-01

**Ex parte YUSULF SHAHEED BENSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 65676-A, IN THE 149TH DISTRICT COURT BRAZORIA COUNTY

**MEYERS, J., filed a dissenting opinion in which JOHNSON and ALCALA, JJ., join.**

### DISSENTING OPINION

The majority holds that when a felony DWI and an intoxication assault offense arise out of the same transaction, the two crimes are not the same offense for double-jeopardy purposes. However, I disagree with the court's analysis and conclusion.

As the majority discusses, we have determined that prior intoxication-related convictions are elements of felony DWI. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). However, the prior convictions are only jurisdictional elements that, once pled in the indictment, confer jurisdiction to the district court. *Martin v. State*, 200 S.W.3d 635,

640 (Tex. Crim. App. 2006). Jurisdictional elements are not traditional elements and should not be treated as such. For example, in felony DWI cases where defendants agree to stipulate to their two prior convictions, the State is prohibited from presenting any further evidence of the convictions during its case-in-chief in order to prevent unfair prejudice. *Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000); *Hernandez v. State*, 109 S.W.3d 491, 495 (Tex. Crim. App. 2003). This same procedure does not apply when a defendant admits to a traditional element of the offense they are charged with and this clearly illustrates how jurisdictional elements are distinguishable. While this difference does not mean the offenses are the same under the *Blockburger* test, I do believe that it goes to rebutting the presumption that the offenses are different for double-jeopardy purposes.

Further rebutting that presumption is the fact that misdemeanor DWI and intoxication assault would be presumed to be jeopardy barred under *Blockburger* because there are no jurisdictional priors to act as differing elements. *See* TEX. PENAL CODE §§ 49.04, 49.07. There exists no clearly expressed legislative intent to impose multiple punishments for a misdemeanor DWI and intoxication assault that arise from the same transaction, and it does not logically follow that such an intent suddenly appears when it is a felony DWI rather than a misdemeanor.

For the foregoing reasons, I believe that, although the offenses may have different elements under the *Blockburger* test, prosecuting an individual for a felony DWI and an intoxication assault that arose from the same transaction is unconstitutional and should be

barred by double jeopardy. I would grant Appellant relief and, therefore, I respectfully dissent.

Meyers, J.

Filed: April 15, 2015

Publish